Burke, J.
Defendant was convicted upon Ms plea of guilty to the crime of possessing cigarettes containing cannabis (marihuana) (Penal Law, § 1751-a, subd. 1), which plea was entered after a pretrial motion to suppress certain evidence had been denied. This evidence (six marihuana cigarettes) was the product of a search of his person conducted by police officers pursuant to a warrant. It is now claimed' that the evidence presented to the Police Justice who issued the warrant was insufficient to enable him to determine the 1 ‘ reliability ’ ’ of the police informant upon whose statements the police officer had relied in petitioning for the search warrant.
We think that the allegations in the police officer’s affidavit were sufficient to have established probable cause for the issuance of the warrant.
The law to be applied is quite clear. Where the affidavit in support of the warrant is based upon information supplied to the affiant by an undisclosed informant, rather than upon the affiant’s personal observations, “ the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the [anonymous] informant * * * was 1 credible ’ or his information 1 reliable.’ ” (Aguilar v. Texas, 378 U. S. 108,114; see, also, People v. Rogers, 15 N Y 2d 422; United States v. Ventresca, 380 U. S. 102.) The credibility of the informant and the reliability of his information may be established by the affiant’s stating that the informant is known to him and has in the past furnished information leading to the arrest and conviction of others. (See, e.g., People v. Rogers, supra, p. 424.) This, however, is not the exclusive means by which credibility and/or reliability may be established. In United States v. Ventresca (supra) the United States Supreme Court concluded that the affidavit of a Government agent based upon observations ‘ ‘ of fellow officers of the *123 Government engaged in a common investigation [furnished] * * * a reliable basis for a warrant applied for by one of their number.” (380 U. S., p. 111.) The “ underlying circumstance ” from which the affiant and the issuing officer in Ventresca could have concluded that the informants were credible or their information reliable was the fact that the informants were Government agents whose veracity could with relative assurance be relied upon. A further means of establishing a valid predicate for the issuance of a warrant is found in the present case, in Avhich, in a carefully prepared affidavit, the applicant for the Avarrant spelled out in sufficient detail circumstances from which a ‘1 neutral and detached magistrate ” could independently determine that probable cause existed for the warrant to issue. (See Aguilar v. Texas, supra, pp. 114-115.)
The warrant here in question was issued upon the affidavit of Detective-Sergeant John Taubenkraut of the Village of Ossining Police Department. The affidavit recounted that the affiant had been conducting an investigation into the sale of marihuana in the village and from a confidential informant had received word on September 10, 1964 that sales of marihuana were taking place in' the village and the informant believed he could gain the confidence of the defendant, Montague, and another suspect, one Joseph Fisher, in order to purchase from them a substantial quantity of marihuana. It further reported that at 7:00 p.m. on September 29, 19 days later, the affiant was contacted by his informant by telephone and informed by him that he,- the informant, had made contact with the suspects. The informant gave an account of the plans. Using his oavu car (a detailed description of which is contained in the affidavit), the informant was about to pick up Montague and Fisher, and then proceed to Tarrytown or North Tarry town to make .a purchase of marihuana. The affidavit also explained that the informant, pursuant to a pre-arranged .plan, had driven to the home of another police officer on September 29 (at 11:00 p.m.) and turned over to that officer four marihuana cigarettes allegedly purchased by the informant from Montague and Fisher earlier in the evening.
Taubenkraut in his affidavit repeated what his informant alleged occurred between their conversation earlier in the day, before the informant’s meeting with the defendant and Fisher, *124 and the informant’s delivery of the marihuana to the other police officer. This narrative described how the informant and the suspects drove to Tarrytown and the informant waited in his car while Montague and Fisher went inside a house on Washington Street in Tarrytown, presumably to purchase the marihuana. It next described how the three went to a bar in Tarrytown where the informant gave $20 to Montague and Fisher and received in return a cigarette pack containing four marihuana cigarettes. This was far less than the number the informant was supposed to have received, and he explained to Taubenkraut that he was to meet Montague and Fisher the following night, September 30, to pick up the balance of the cigarettes. The informant also mentioned that while with the suspects he had driven to a certain drugstore and purchased a medicinal compound for which he was-required to sign his name in the drugstore’s register.
Taubenkraut submitted this affidavit with the four marihuana cigarettes to the Police Justice on September 30, and the warrant was thereupon issued for immediate execution, day or night. That evening Montague was picked up and searched and the contraband was discovered on his person.
The chief circumstance tending to support the Police Justice’s determination that probable cause existed for the issuance of the warrant is the fact that Sergeant Taubenkraut did not apply for a warrant until he had verified the reliability of his informant by having the latter undertake to contact the suspects and effect a purchase of marihuana from them. Acting with commendable restraint, the police officer did not apply for the warrant until he had- a sample of the contraband in hand and had learned of an impending transfer of additional marihuana planned for the night of September 30. The investigation by Taubenkraut into the defendant’s narcotics activities, which investigation took 19 days, is described in detail in his affidavit, and the full particulars of this investigation, as revealed in the affidavit, support the inference that the informant was both credible and reliable.
The primary indication of the informant’s credibility is the fact that he told Taubenkraut beforehand where he would be and what activity he would be engaged in on the evening of *125 September 29. This enabled, and practically invited, the police to follow his every movement in the Ossining-Tarrytown area that night. That the police may not have done so does not detract from the fact that the informant evidenced his truthfulness by telling a story which could with ease have been tested.
Also indicative of the informant’s credibility is his delivery to the police of the four marihuana cigarettes, a deed which involved him as a participant in the purchase and possession of the contraband. Such possession is ordinarily a criminal offense and the informant was not likely to turn over to the police such contraband unless his information would withstand police scrutiny.
Assuming, then, the subjective truthfulness of the informant, the reliability of his information is attested to by the fact that he was not merely reporting ££ suspicious ” occurrences, but rather was attesting to his own actual participation with the suspects in their illegal activities, and he had the marihuana to show for it. (Cf. Riggan v. Virginia, 384 U. S. 152; Aguilar v. Texas, supra.) The Supreme Court in Aguilar took particular note of the fact that neither the affiant nor his informant “ ‘ spoke with personal knowledge ’ ” of the matters referred to in the affidavit (378 U. S., p. 113). In the present case the informant had such personal knowledge.
Upon all of this evidence the issuing Magistrate could reasonably determine that probable cause existed for a warrant to issue. He was not consigned to be merely a 1 £ rubber stamp for the police.” (See Aguilar v. Texas, supra, p. 111.) ’ While he could not, of course, be certain the contraband would be found on the defendant, nevertheless ££ there was substantial basis for him to conclude that narcotics * * * probably ” would be located on his person. (Jones v. United States, 362 U. S. 257, 271, cited in Aguilar v. Texas, supra, p. 111; emphasis added.)
Accordingly the warrant and search should be held valid and the judgment of conviction affirmed.