Commonwealth, Appellant, *v.* Abbruzzese.

Argued December 4, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and PACKEL, JJ.

*James T. Ranney*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellant.

*Joseph C. Santaguida*, for appellee.

OPINION BY CERCONE, J., March 27, 1973:

A warrant was issued on January 27, 1971 authorizing the search of the defendant's premises for certain

described property alleged to have been taken in a January 6 or 8, 1971 burglary. The probable cause for the issuance of the warrant was stated in the affiidavit to be: "On January 26, 1971, at 3 :45 p.m., on information received from a defendant, who was arrested for burglary, that on various occasions he was present at above location when [when] the above stolen items were purchased by the above named person, from various burglars, and was present when such persons informed him of stolen articles brought to 939 S. 10th Street, and the prices they received for them." Defendant, charged with larceny and receipt of stolen goods, filed a petition to suppress the items of evidence recovered under the authority of the search warrant. The question presented to the court below was whether the search warrant had been properly issued on the basis of the information contained in the affidavit. There was no reliance on any additional sworn facts supplied the issuing magistrate.

It was the lower court's opinion that the information in the affidavit "was not sufficient to sustain the issuance of a search warrant by the magistrate." We agree.

The affidavit wholly fails to give any facts to support the reliability of the informant or of the information supplied by him.[1] The Commonwealth, citing *Commonwealth v. Matthews,* 446 Pa. 65 (1971) and *U. S. v. Harris,* 403 U.S. 573, 91 S. Ct. 2075 (1971), argues that reliability is supplied by the fact that the information was against the informant's interest and in-

---

[1] As stated in *Commonwealth v. Rose,* 211 Pa. Superior Ct. 295 (1967), at pages 298-299: "The affiant is not required to recite that the informant is credible or his information reliable. However, the affiant must give some facts which tend to support such credibility or reliability. See United States v. Ventresca, supra; United States v. McCormick, 309 F. d 367, 372 (7th Cir. 1962) ; People v. Montague, 19 N.Y. 2d 121, 278 N.Y.S. 2d 372 (1967)."

criminated him. It reasons that by his statements the informant made himself an accessory after the fact and gave the police a reasonable basis to believe he had himself regularly disposed of stolen items through defendant at defendant's residence. We cannot agree with this reasoning. The information supplied by the informant could not be used to support any criminal charge against him but in fact could be construed, as stated by the lower court, as "given in a self-serving manner in an effort to ameliorate his own situation", he being under arrest for a burglary not connected with the charges against defendant.

Nor can reliability be provided by the fact that the subsequent search did reveal some of the described items to be on the defendant's premises. Reliability must appear from the sworn facts given to the magistrate at the time he makes his decision as to the issuance of the warrant. The results of a search made pursuant to an improperly issued warrant cannot serve retroactively to validate the warrant. As stated in *Commonwealth v. Copertino,* 209 Pa. Superior Ct. 63 (1966) : "The validity of the warrant is dependent upon the facts shown at the time of its issuance. A warrant issued without probable cause, as this warrant was, violated the Fourth Amendment's mandate that 'no warrants shall issue, but upon probable cause.' . . . As was said in Barkouskas [38 F. 2d 837, 838 (M.D. Pa. 1930)], '. . . we are not now concerned with that which happened after the search warrant was issued. We are concerned only with the search warrant itself and with the authority it gave the officer to whom it was directed.' "

The fact that the articles are described in detail in the affidavit cannot serve as evidence of reliability of the information received as there is no sworn information that the details, such as the tape recorder's serial number, were in fact supplied by the informant. In

the absence of such statement as to the source of the details, a reasonable inference could be drawn that the details were supplied by the officer from the police list of stolen articles.

We recognize the heavy burden placed upon the police officer and the magistrate with respect to the proper issuance of a search warrant, and sympathize with their sense of frustration when their well-meaning attempts to fulfill the law's requirements are, as in this case, held insufficient. Yet, for the reasons set forth, under the law and the facts of this case we have no alternative but to affirm the lower court's suppression of the evidence.[2]

Order affirmed.

WRIGHT, P. J., dissents.

---

[2] In view of this determination we find it unnecessary to answer the argument that since the affidavit did not state the date the informant received the information given by him to the police on January 26th, the magistrate had no time frame of reference with which to make a valid judgment as to the remoteness of informant's information.