Gabrielli, J. (dissenting).
I dissent and vote to affirm the Appellate Division’s reversal of the order of the County Court granting the motion to suppress.
The facts of the case and the contents of the affidavit supporting the issuance of the search warrant are correctly stated by the majority, but I would conclude that a "neutral and detached” Magistrate examining the affidavit in a commonsense and realistic fashion could reasonably determine that probable cause existed for the issuance of the warrant within the guidelines articulated in People v Hanlon (36 NY2d 549) and Aguilar v Texas (378 US 108) and its progeny.
Indisputably, the first prong of the Aguilar test, the reliability of the informant, has been satisfied in that the affidavit stated that the informant had previously supplied information leading to the arrest of a named individual and the seizure of gambling paraphernalia (see People v Slaughter, 37 NY2d 596, 599; People v Hanlon (supra, p 554). Thus, the narrow issue presented in this case' is whether the affidavit recited "the facts and circumstances relied on by the informer in reaching his conclusions” (People v Hanlon, supra, p 556; see Aguilar v Texas, supra, p 114; People v Montague, 19 NY2d 121, 122-123). While, as recognized by the majority, the informant provided rather detailed information concerning the daily gambling activity of the defendant (see People v Jordan, 28 NY2d 902; People v Montague, supra, p 123), he admittedly failed to specify the source or basis of his information. This infirmity, however, may be remedied by the independent observations of the affiant (or other police officers) who may provide the underlying circumstances to establish the reliability of the information provided by the informant (see People v Brandon, 38 NY2d 814; People v Slaughter, supra, p 599; People v Hanlon, supra, p 558; People v Hendricks, 25 NY2d 129, 134; People v Cerrato, 24 NY2d 1, 5; Spinelli v United *138 States, 393 US 410, 417-418; Jones v United States, 362 US 257, 271). In the instant case, two additional factors provided by the affiant combine to supply the missing ingredient necessary to establish probable cause. These are the affiant’s independent observations of the defendant’s highly suspicious behavior which conformed to the informant’s description of the former’s gambling activities (see People v Brandon, supra; People v Jordan, supra, p 902) and, secondly, the reputation of the defendant as a known gambler who had been arrested just several weeks earlier for a gambling offense (see United States v Harris, 403 US 573, 582-583). As the majority properly notes (p 134), this case is distinguishable from Spinelli v United States (supra). The activities of the defendant in Spinelli were totally consistent with innocence but the behavior of the defendant in the instant case was highly suspicious and suggestive of criminal activity considering the great degree of caution he exercised before entering the premises where the gambling paraphernalia was alleged by the informant to be located. For four consecutive days, he drove past the subject premises and reconnoitered the immediate area before returning moments later to park his car and enter the hallway specified by the informant, where he remained for only a few minutes before leaving. These observations are far more suggestive of criminality than those of the police in Spinelli who merely stated that the defendant had parked his car in the same apartment house parking lot for four days and had entered a particular apartment in the building once. Observations of conduct indicating a strong probability of criminal activity, especially to the eye of an investigator trained in a particular field of investigation (such as gambling or narcotics), may provide a valid basis for probable cause (see People v Seney, 34 NY2d 817; People v Valentine, 17 NY2d 128).* And, in determining whether independent police verification of an informant’s story is qualitatively sufficient to render that story probable and worthy of belief, we are mindful of the court’s admonition in Brinegar v United States (338 US 160, 175) that, "[i]n dealing with probable cause, * * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of every *139 day life on which reasonable and prudent men, not legal technicians, act.” (See, also, People v Hanlon, 36 NY2d 549, 559, supra, People v Schnitzler, 18 NY2d 457, 460.)
In addition, the reputation of the defendant as a known gambler, while certainly not in itself dispositive, may properly be considered as a supporting factor by the Magistrate in determining the existence of probable cause (see United States v Harris, supra; Jones v United States, supra; Brinegar v United States, supra). As the court pointedly indicated in United States v Harris (supra, p 583) "We cannot conclude that a policeman’s knowledge of a suspect’s reputation * * * is not a 'practical consideration of everyday life’ upon which an officer (or a magistrate) may properly rely in assessing the reliability of an informant’s tip. To the extent that Spinelli prohibits the use of such probative information, it has no support in our prior cases, logic, or experience and we decline to apply it to preclude a magistrate from relying on a law enforcement officer’s knowledge of a suspect’s reputation.”
Thus, observations of highly suspicious conduct on four consecutive days, the known criminal reputation of the defendant, including an arrest just a short time before the issuance of the warrant, the informant’s description of the defendant’s activities, later verified by the affiant, and the intervention of a neutral Magistrate to evaluate all of the proffered information are sufficient to sustain the search warrant in this case. While each individual factum of information is in itself insufficient to establish probable cause, the affidavit as a whole demonstrates that the information provided by the informant was not the sort which "could easily have been obtained from an offhand remark heard at a neighborhood bar” (Spinelli v United States, 393 US 410, 417, supra). As aptly observed in Smith v United States (358 F2d 833, 837 [Burger, J.], cert den 386 US 1008), "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. We weigh not individual layers but the 'laminated’ total.”
I would note, finally, our oft-reiterated preference for search warrants to the point, indeed, where we have recognized that in marginal or doubtful cases, a search will be sustained if based on a warrant: "[w]here a search warrant has been secured, the bona ñdes of the police will be presumed and the subsequent search upheld in a marginal or doubtful case” *140 (People v Hanlon, supra, p 558; see, also, United States v Ventresca, 380 US 102, 106-107). This policy is based on well-founded confidence that the issuing Magistrate will discharge his duty in scrutinizing and weighing the sufficiency of the information presented by the applicant. This should allay the majority’s fear that the police will have unbridled power to conduct a search whenever a "known criminal” is observed to engage in "suspicious conduct” (p 136; see People v Hanlon, supra, p560).
Chief Judge Breitel and Judges Jones and Fuchsberg concur with Judge Cooke; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judges Jasen and Wachtler concur.
Order reversed, etc.

 The cases relied upon by the majority (p 134) involve warrantless searches based solely upon a police officer’s observation of behavior less suggestive of criminality than that in this case (see People v Davis, 36 NY2d 280; People v Brown, 32 NY2d 172, 174; People v Brown, 24 NY2d 421, 424; People v Corrado, 22 NY2d 308; compare People v Valentine, supra).