■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY LEE HOLLEY, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered February 9, 1976, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the sixth degree. The judgment was rendered following a trial by the court without a jury and the defendant was sentenced as a second felony offender to an indeterminate term of imprisonment of not less than three years nor more than six years. On this appeal the defendant urges reversal of the conviction and dismissal of the indictment based upon his argument that a search warrant was improperly issued herein, and that even if valid, the warrant was illegally executed in seizing contraband outside the apartment described in the warrant. It is also contended that it was error to hold that the facts of the present case are sufficient to sustain a warrantless search as an incident to the arrest of the defendant. It is clear that probable cause existed for issuance of the warrant. The facts concerning defendant's involvement in the possession and sale of narcotics, as contained in an affidavit submitted by an investigator with the State Police, were obtained from a confidential informant. The informant was identified and personally examined by the court, and the warrant was issued only after the court was satisfied of the reliability of the informant *(People v Montague,* 19 NY2d 121). The warrant authorized a search of the defendant's upstairs apartment at a certain address and location in Ithaca, New York, and the "search of any person thereat or therein". The record discloses that at about 9:30 P.M. on the date the warrant was issued police officers arrived at the location of defendant's apartment for the purpose of executing the search warrant, and immediately after their arrival, they observed the defendant and a female companion entering the defendant's apartment. The only access to the apartment was an outside metal stairway resembling a fire escape. While the police were in the vicinity of the bottom of the stairway, they then observed the defendant and his companion leave the apartment and start down the stairway. When his companion had reached the bottom of the stairway and the defendant was about half way down the police officers identified themselves and ordered them to stop and stay where they were. Thereupon the police observed the defendant sit down on the step immediately behind and above the one on which he was standing; that he had a brown paper bag in his right hand and that as he sat down he moved his hands to the side and to the rear of his body. One of the police officers then observed a bag fall from where the defendant was sitting on the stairway to the ground directly underneath it. Nothing was observed on the stairway prior to the time the defendant sat down. There was also testimony to the effect that the defendant was ordered by the police to come down off the stairway; that they

advised him of the warrant to search his apartment, whereupon he made some attempt to escape, was handcuffed, and taken back to his apartment. In the search of the apartment three marijuana cigarettes and two butts and certain articles commonly used to administer drugs, which contained residue of heroin, were recovered. The brown paper bag which had been observed dropping to the ground and retrieved by the police underneath the stairway was opened in the defendant's apartment and found to contain a quantity of heroin and marijuana. Defendant maintains that the contraband thus seized outside of the apartment provided the only basis for his conviction, and, should have been suppressed as not within the circumscriptive authority of the search warrant. The authority to search is, of course, limited to the place described in the warrant and does not include additional or different places *(People v Green,* 33 NY2d 496). However, it becomes unnecessary in the instant case to determine whether or not the contraband in question was properly seized under the warrant, since we conclude that the seizure is sustainable as an incident to a lawful arrest. There was proof at the suppression hearing that the police officers obtained possession of the narcotics after they were discarded and abandoned by the defendant. It is well settled that property abandoned by a defendant may be lawfully seized and an arrest may be based on his former possession of the property *(People v Pittman,* 14 NY2d 885; *People v D'Ambrosio,* 28 AD2d 1130). Clearly, the facts establish a sufficient connection between the defendant and the bag containing the contraband, and the totality of the circumstances herein was sufficient to establish probable cause to believe that a crime was being committed by the defendant *(People v D'Ambrosio, supra).* Judgment affirmed. Koreman, P. J., Greenblott, Mahoney and Larkin, JJ., concur; Kane, J., concurs in a separate memorandum. Kane, J. (concurring). Although I agree that the search warrant was valid and authorized a seizure of the items discovered inside defendant's apartment, I do not believe that the contents of the brown paper bag were properly obtained by the police as an incident of a lawful arrest. No probable cause to make an arrest for any specific crime arose until after that which was in the bag had been examined and discovered to offend against the law, but by then the defendant was plainly in custody. Instead, it is my opinion that defendant's prior abandonment of the bag in a public place was alone sufficient to permit its warrantless seizure and, in any event, the possession of a valid warrant provided a lawful predicate for the police to approach him.