■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STANLEY LEVY and THOMAS PASTORE, Respondents. — Appeal by the People from an order of the County Court, Westchester County (Nicolai, J.), dated March 30, 1983, which granted those branches of defendants' pretrial motions which sought to controvert a search warrant and to suppress physical evidence seized in the execution of the warrant. Order reversed, on the law, those branches of defendants' pretrial motions which sought to controvert the search warrant and to suppress physical evidence seized in the execution of the warrant denied, and matter remitted to the County Court, Westchester County, for further proceedings in accordance herewith. On December 12, 1981, after being advised by a reliable informant that he had placed a $3 bet on a horse race and a $3 sports bet with defendant Pastore at the One Stop Stationery Store, Mt. Vernon, Detective Bernice Kennedy commenced an investigation. The informant had given Kennedy information which led to the arrest and conviction of a named individual on drug charges five months previously. On December 14 and 15, 1981, the detective arranged for the informant to place additional bets in the same store. The detective observed the informant enter and exit the store from an outside vantage point. When the informant left the store on December 14, he told the detective that he had placed with defendant Levy a $3 bet on a horse and a $2 sports bet. On December 15, the informant reported to the detective that he had placed a $3 bet on a horse race with defendant Pastore and a sports bet with defendant Levy. On the basis of the above, Kennedy applied for a warrant to search the premises of the One Stop Stationery Store and the defendants' persons. The application was signed on December 18, 1981 and executed the same day. The police seized $154 in football bet receipts, a cigar box containing $235, pistol grips, a .38 caliber revolver containing 13 live rounds, a number of blank football slips and a second .38 caliber revolver from Pastore's person. Defendants moved to controvert the search warrant. A *Mapp* hearing was held on March 28 and 30, 1983. At the conclusion of the hearing, those branches of defendants' motions which sought to controvert the warrant were granted and the evidence seized was ordered suppressed. This was error. Where an application for a search warrant is based upon information provided to the affiant by an informant, a warrant may issue if the magistrate to whom the application is addressed finds sufficient grounds to conclude both that the informant was reliable and that his information was credible (*Aguilar v Texas, 378 US 108*). The two-prong test enunciated in *Aguilar v Texas* (*supra*) requires that the issuing magistrate be apprised of "some of the underlying circumstances from which the officer concluded that the informant was credible or reliable" and "some of the underlying circumstances from which the informant concluded that illegal activities were taking place" (*People v Wirchansky, 41 NY2d 130*, 131; see, also, *People v Elwell, 50 NY2d 231*, 236; *People v Hanlon, 36 NY2d 549*, 556). The application submitted by Detective Kennedy satisfied the two-prong test. The "veracity" prong has been met in light of the fact that the informant, in the past, had given her information which led to the arrest and conviction of a named individual, for possession of a controlled

substance (*People v Hendricks,* 25 NY2d 129, 133; *People v Montague,* 19 NY2d 121; *People v Rogers,* 15 NY2d 422). The "basis of knowledge" test has similarly been satisfied since the informant set out for the detective the specific circumstances under which he received his information (*People v Hanlon,* 36 NY2d 549, *supra;* cf. *People v Wirchansky, supra,* p 132). He attested to his own participation with the defendants in their illegal activities (see *People v Montague, supra*) and therefore " 'spoke with personal knowledge' " (see *Aguilar v Texas, supra,* p 113). Specifically, the informant personally placed bets with the defendants in the One Stop Stationery Store on three separate occasions. The detailed nature of the information supplied by the informant properly led the magistrate to believe that the basis of knowledge prong had been satisfied (*People v Hanlon, supra*). Since the affidavit met both prongs of the test, the warrant should be upheld (*Aguilar v Texas, supra; People v Hanlon, supra*) and it is unnecessary for us to reach the issue of whether the "totality of the circumstances" standard enunciated in *Illinois v Gates* (462 US __, 103 S Ct 2317) governs the application of this State's Constitution to the facts at hand. Accordingly, the order should be reversed and those branches of defendants' motions which sought to controvert the search warrant and to suppress the physical evidence seized should be denied. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.