■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON BAGBY, Appellant. — Renewed motion by defendant to unseal and make available to his attorney certain notes made by the Honorable Irving Kendall, Judge of the City Court of Mount Vernon, on December 26, 1978, of his interview with an informant at the time the application for a search warrant was made, which notes were sealed and made a part of the record of this case to be used for appellate review by order of the County Court, Westchester County (Dachenhausen, J.), dated March 19, 1979. ¶ Motion denied. ¶ The traditional tests as to the reliability of an informant do not apply when the magistrate identifies and personally examines the informant and issues a warrant only after being satisfied of the reliability (*People v Hicks,* 38 NY2d 90; *People v Holley,* 56 AD2d 684). Some foundation must be made before privileged matter affecting the substantive issues will be disclosed and the issue is one to be determined in the exercise of the sound discretion of the trial court. Bare assertions or conclusory allegations that a witness is needed to establish innocence will not suffice (*People v Goggins,* 34 NY2d 163, 169, cert den 419 US 1012). Defendant has not established that any information regarding the informant should be provided to him, despite his theories that the officer who applied for the warrant either switched informants or that there was in fact no informant. Lazer, J. P., Thompson, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BRADLEY, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County (Linakis, J.), imposed December 17, 1982. ¶ Sentence affirmed (see *People v Minaya,* 54 NY2d 360, cert den 455 US 1024). Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.