J-S35003-15 & J-S35004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MELVIN MOORE | |
| Appellee | No. 1919 EDA 2014 |

Appeal from the Order March 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005370-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHANA MOORE | |
| Appellee | No. 60 EDA 2015 |

Appeal from the Order March 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005371-2013

BEFORE: MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 18, 2015**

In this consolidated appeal,[1] the Commonwealth appeals from the

March 10, 2014 order granting the motion to suppress filed by Appellees,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Melvin Moore and Shana Moore.[2]   After careful review, we reverse and remand for further proceedings.[3]

The suppression court set forth the facts of this case as follows.

> On February 11th, 2013, [four] Complainants reported the robbery of two HP laptops, a white Samsung cell phone, and a black myTouch cell phone.  The Philadelphia Police Department identified one of the robbers as a man known as Pace, and obtained a warrant for his house at 2922 South 62nd Street.  On the evening of February 12th, 2013, the police arrested Pace at his home, where they discovered fruits of the robbery—college textbooks and a black JanSport backpack.  Pace then gave a voluntary statement admitting to the robbery, and alleged that Jakeel Walker committed the crime with him, took backpacks from the rear of the Complainants' vehicle, and fired a small revolver once during the robbery.  Pace informed police that he had known Walker for two (2) years, and that Walker lived "on 65th between Lindberg and Eastwick."   Police databases confirmed this information, listing Walker's address as 2844 South

(Footnote Continued) _____

[1] We have *sua sponte* consolidated the appeals under the referenced journal numbers for disposition in the interest of judicial economy.  As the motions to suppress were heard by the same jurist in a combined proceeding, we hereafter make reference in general to the "suppression court."  Further, all dates and documents referenced herein are identical in both cases.  **See** Pa.R.A.P. 513 (stating that, "[w]here there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal").

[2] The Commonwealth has averred, pursuant to Pa.R.A.P. 311(d), that the trial court's order would terminate or substantially handicap its prosecution. Commonwealth's Notice of Appeal, 4/4/14.  Therefore, we have jurisdiction to address the Commonwealth's interlocutory appeals.

[3] We note that Appellees elected not to file briefs in the present appeal.

65th Street. The four Complainants, however, fail[ed] to identify Walker's picture in a police lineup. Police were issued a warrant for Walker's residence seeking two HP laptops, a white Samsung cell phone, a black myTouch cell phone, and a proof of residency on Walker. When they entered the residence on February 15th, 2013, police discovered marijuana and [Appellees], who[m] they subsequently arrested.[4]

Suppression Court Opinion, 12/5/14, at 1-2 (citations omitted).[5]

On May 1, 2013, the Commonwealth filed an information charging each Appellee with one count each of conspiracy, intentional possession of a controlled substance by a person not registered, use or possession of drug paraphernalia, and manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.[6] Appellees moved to suppress the evidence obtained from the search of Walker's residence, arguing that the search warrant for Walker's residence was not supported by probable cause. On January 10, 2014, the suppression court heard oral

---

[4] Police seized the evidence based on the plain view doctrine. **See**, **e.g.**, **Commonwealth v. Harvard**, 64 A.3d 690, 698 (Pa. Super. 2013) (explaining "police executing a valid search warrant may seize items not listed in the warrant if their incriminating nature is immediately apparent[]" pursuant to the plain view doctrine) (citation omitted), *appeal denied*, 77 A.3d 636 (Pa. 2013). Appellees did not challenge the seizure of this evidence pursuant to the plain view doctrine. Additionally, we note that the police established Appellees' residency at the premises.

[5] The suppression court filed an identical opinion in each case.

[6] 18 Pa.C.S.A. § 903, 35 P.S. §§ 780-113(a)(16), (a)(32), and (a)(30), respectively.

argument from all parties[7] and then granted each Appellee's motion to suppress. On February 7, 2014, the suppression court entered orders granting the Commonwealth's motions to reconsider and vacating its January 10, 2014 suppression orders. Thereafter, on March 10, 2014, the suppression court filed an order, dated February 7, 2014, in each case reinstating suppression. On April 4, 2014, the Commonwealth filed timely notices of appeal.[8]

On appeal, the Commonwealth presents this issue for our review.

> Where police investigating a gunpoint robbery in which a shot was fired arrested one of the participants in that same crime, who identified his accomplice who fired the shot and told police that his accomplice lived on a particular block, and where (a) the police corroborated the accomplice's address, (b) phone records showed a call between the informant and the accomplice an hour before the robbery, and (c) the accomplice's physical description matched that given by the robbery victims, did the lower court err in holding that the "four corners" of the search warrant application failed to state probable cause to search the accomplice's house for the fired gun and other evidence of the robbery?

_____

[7] Appellees did not present any evidence during the suppression hearing.

[8] On April 4, 2014, the Commonwealth filed a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) before the suppression court ordered such a statement. The suppression court filed its opinion on December 5, 2014. Therein, the suppression court explained, "[d]ue to a docketing error by this [c]ourt, the Commonwealth was not able to appeal until April 4th, 2014." Suppression Court Opinion, 12/5/14, at 2.

Commonwealth's Brief at 4.[9]

We begin by noting our well-settled standard of review.

> When the Commonwealth appeals from a suppression order, this Court may consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the record as a whole, remains uncontradicted. In our review, we are not bound by the suppression court's conclusions of law, and we must determine if the suppression court properly applied the law to the facts. We defer to the suppression court's findings of fact because, as the finder of fact, it is the suppression court's prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

*Commonwealth v. Hudson*, 92 A.3d 1235, 1241 (Pa. Super. 2014) (internal quotation marks and citations omitted), *appeal denied*, 106 A.3d 724 (Pa. 2014).

> The ultimate issue in a suppression hearing is whether the police officer affiants had probable cause at the time they applied for a search warrant. At such hearings, the Commonwealth has the burden of proving that the facts presented to the magistrate demonstrate probable cause. The standard for evaluating whether probable cause exists for the issuance of a search warrant is the "totality of the circumstances" test as set forth in *Illinois v. Gates*, 462 U.S. 213 (1983), which was adopted by the Pennsylvania Supreme Court in *Commonwealth v. Gray*, 503 A.2d 921, 925 (Pa. 1985). A magistrate is to make a practical, common-sense decision whether, given all the circumstances set forth in the

---

[9] The Commonwealth filed identical briefs in both appeals, presenting the same issue for our review, *verbatim*.

> affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The information offered to establish probable cause must be viewed in a common sense, non-technical manner and deference must be given to the issuing magistrate. It must be remembered that probable cause is based on a finding of the probability of criminal activity, not a *prima facie* showing of criminal activity.

***Commonwealth v. Luton***, 672 A.2d 819, 821-822 (Pa. Super. 1996) (some citations and parallel citations omitted) (internal quotation marks omitted); ***see also*** Pa.R.Crim.P. 203(B), (D).

The suppression court suppressed the evidence based on its conclusion that there was no substantial basis for the search warrant of Walker's residence because Pace, as an accomplice-informant, was not a reliable source and there was no independent evidence corroborating Walker's involvement in the robbery. Suppression Court Opinion, 12/5/14, at 6. The Commonwealth contends that probable cause was supplied by Pace's statement, wherein he admitted to participating in the robbery and implicated Walker in the robbery, and by the police corroboration of some of the information Pace provided. Commonwealth's Brief at 10-11.

We conclude that the suppression court erred as a matter of law when it determined that Pace's uncorroborated confession implicating Walker in the robbery was not a substantial basis for the warrant. Under Pennsylvania law, probable cause is established by the uncorroborated statement of an

accomplice's confession to participation in a criminal act and implication of the defendant in the crime. ***See, e.g.***, ***Commonwealth v. Wright***, 702 A.2d 362, 366 (Pa. Super. 1997), *appeal denied*, 727 A.2d 1120 (Pa. 1998). In ***Wright***, police observed two juveniles selling drugs and arrested them. ***Id.*** at 364. One of the juveniles cooperated with police and gave a statement implicating the defendant as his supplier and identifying the hotel room out of which defendant operated. ***Id.*** Based on the juvenile's statement alone, police obtained a search warrant for the hotel room. ***Id.*** Upon executing the warrant, police seized cash and drugs from the hotel room and arrested the defendant. ***Id.*** After his conviction, the defendant appealed, among other things, the suppression court's denial of his motion to suppress based on probable cause to support the warrant. ***Id.*** at 365. This Court rejected the argument that the informant was not reliable and concluded that the affidavit established probable cause, explaining, "[t]he fact that the informant herein was a co-defendant who made a statement against penal interest does not, as appellant argues, defeat the validity of the search warrant. In fact … the statements against penal interest support the validity of the warrant." ***Id.*** at 366; ***accord Commonwealth v. Miller***, 439 A.2d 1167, 1169 (Pa. 1982) (holding "[t]he personal involvement of the declarant assures direct knowledge of the source of the information and the self[-]implication tends to suggest the reliability of the statement[]"); ***Commonwealth v. Bradley***, 295 A.2d 842, 844 (Pa. 1972) (holding "[i]t

has long been the law of Pennsylvania that the uncorroborated testimony of an accomplice is sufficient to convict a defendant. In light of the fact that probable cause may be established by less evidence than would be sufficient to support a conviction, it would be quite inconsistent to hold that information supplied by a confessed accomplice cannot form the basis for probable cause to arrest[]") (footnote and citations omitted); *Commonwealth v. Reviera*, 563 A.2d 1252, 1256 (Pa. Super. 1989) (holding "[w]here a person is an admitted participant in a crime and police secure a search warrant upon information received from him, affiant-officers need not support their claim that the informant was credible or his information reliable since the individual's admission of participation in the crime insures his reliability[]") (citation omitted), *quoting*, *Commonwealth v. Stickle*, 398 A.2d 957, 961-962 (Pa. 1979), *appeal dismissed*, 584 A.2d 308 (Pa. 1991).

In this case, evaluating the totality of the circumstances, we conclude that the issuing magistrate properly concluded that the police officer affiants established probable cause to search Walker's residence. The affidavit contained Pace's statement admitting participation in the robbery and identifying Walker as his accomplice, which was an inherently reliable statement against penal interest. *See Miller*, *supra*; *Reviera*, *supra*. Based on this source alone, the magistrate could conclude that there was a fair probability that Walker participated in the robbery and, therefore,

contraband or evidence of the robbery would be found in Walker's residence. *See Luton*, *supra*. The Commonwealth was not required to corroborate Pace's statement with independent evidence of Walker's involvement in the robbery.[10] *See Reviera*, *supra*. Therefore, because the affidavit contained sufficient facts to demonstrate probable cause, the search warrant was properly issued and the evidence seized in the execution of the warrant was not subject to suppression. *See Luton*, *supra*.

In its December 5, 2014 opinion, the suppression court relied on *Commonwealth v. Abbruzzese*, 302 A.2d 853 (Pa. Super. 1973). In *Abbruzzese*, the informant, under arrest for burglary, supplied police with information that the defendant purchased items from various other burglars. *Abbruzzese*, *supra* at 853-854. This Court held that the search warrant based on the informant's statement lacked probable cause because the informant was not reliable, as the informant did not implicate himself in any crime and his statement could be viewed as a self-serving attempt to mitigate his own charges on an unrelated burglary. *Id.* at 854. *Abbruzzese*, however, is distinguishable from this case because herein Pace confessed to his involvement in the robbery and identified Walker as his accomplice in the same crime. Therefore, as discussed above, Pace's

_____

[10] Based on this, we need not address the Commonwealth's remaining argument that police corroborated some of the information in Pace's statement.

statement implicating himself in the robbery and naming Walker as his cohort was a reliable statement against penal interest that alone gave rise to probable cause to search Walker's residence for proceeds or evidence of the crime. **See Bradley**, **supra**; **Miller**, **supra**; **Reviera**, **supra**.

Based on the foregoing, we conclude that the suppression court erred when it granted Appellees' motions to suppress. **See Hudson**, **supra**. Accordingly, the suppression court's March 10, 2014 orders are reversed, and the case is remanded for further proceedings, consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2015