Commonwealth *v.* Kaminsky, Appellant.

Argued March 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, ROBERTS and POMEROY, JJ.

*J. J. Dean,* with him *Anthony C. Troiano* and *Daniel T. Zamos,* for appellant.

*Carol Mary Los,* Assistant District Attorney, with her *Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellant was found guilty by a jury of voluntary manslaughter in the death of his wife. The only ground raised for reversal on this appeal involves an alleged error in the charge to the jury as to the burden of proof for manslaughter. The trial judge instructed the jury "Now where it is proved the defendant has committed the deed, the burden is on the defendant to reduce the crime from Murder to Manslaughter." On

this issue the court en banc which heard the motion for a new trial was divided. One judge thought the instruction was not error, a second believed it to be in error but harmless and the third considered the error to be reversible. On this appeal, the Commonwealth concedes that the instruction was incorrect, see, *Commonwealth ex rel. Wilkes v. Maroney*, 423 Pa. 113, 121, 222 A. 2d 856, 861 (1966); *Commonwealth ex rel. Johnson v. Myers*, 402 Pa. 451, 167 A. 2d 295 (1961), but argues that the error was harmless.

With this argument, our Court must agree. Even if the trial judge placed an extra burden on appellant to reduce his conviction to voluntary manslaughter, the harmless nature of the error becomes clear in light of the subsequent voluntary manslaughter verdict. It can hardly be argued that if the jury had been given the correct charge on voluntary manslaughter, they would have been more inclined to find appellant not guilty. The only possible effect of the erroneous instruction was for the jury to think appellant had to prove more in order to convince them that he was *only* guilty of voluntary manslaughter; but he *did* convince them that this was the proper verdict despite the handicap. Thus the best verdict appellant could have received if the charge had been correct was the *same* one the jury actually rendered.

Appellant argues that because compromise verdicts often occur in criminal cases, the introduction of the incorrect standard as to voluntary manslaughter might have affected the process by which the jury reached the compromise. However whether this was a compromise verdict is pure speculation; whether a different charge would have changed the "compromise" ventures even further into the territory of the uncertain. It certainly does not seem appropriate for a court to declare an otherwise harmless error to be grounds for

reversal on the basis of such conjecture. The error involved in this case "did not deprive the defendant of the fundamentals of a fair trial, [and therefore] we will not reverse the conviction." *Commonwealth v. Lopinson*, 427 Pa. 284, 307, 234 A. 2d 552, 565 (1967).

Since appellant has assigned no other grounds for reversal on this appeal, the judgment of sentence is affirmed.

Mr. Justice O'BRIEN took no part in the consideration or decision of this case.