Commonwealth *v.* O'Neal, Appellant.

Argued April 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused December 22, 1970.

*John W. Packel,* Assistant Defender, with him, *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Albert L. Becker* and *Carol B. Feldbaum,* Assist-

ant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1970:

On December 15, 1959, the appellant, Henry O'Neal, was convicted by a jury in Philadelphia of murder in the second degree. Post-trial motions were refused and on May 11, 1960, a prison sentence of four to ten years was imposed. No appeal was then filed.

In 1963, O'Neal was granted parole, but in July, 1968, following his arrest and conviction for another criminal offense, he was recommitted as a parole violator and is presently incarcerated under the sentence imposed in 1960.

Following proceedings instituted on September 23, 1968, seeking post-conviction relief, O'Neal was granted the right to file a direct appeal from the 1960 judgment of sentence as if timely filed. This appeal is now before us.

The record discloses that O'Neal was charged with fatally stabbing Wilbur Trapp in the back with a knife on April 11, 1959. At trial he plead self-defense. O'Neal's own trial testimony, which was corroborated to some extent by other testimony, tended to establish that Trapp had pursued him for some distance from a local bar, cornered him, and threatened his life with a knife, and that in order to save himself from death or great bodily harm, it was necessary for him to stab Trapp. If this testimony were believed by the jury in toto, O'Neal should have been acquitted. Moreover, even if the testimony were not completely accepted, and only certain material portions of it were believed by the fact-finding tribunal, the guilty verdict should have been that of voluntary manslaughter. However, there was substantial trial testimony which established that

the stabbing occurred while *O'Neal* was the aggressor, and after *he* pursued Trapp from the bar in order to avenge a friend whom Trapp had just cut with a knife during an argument in the bar. This testimony, if believed by the jury, amply warranted the conclusion that the stabbing was committed with malice and in the absence of provocation, excuse or necessity. *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108 (1970), and *Commonwealth v. Commander,* 436 Pa. 532, 260 A. 2d 773 (1970). Hence, under the proof, the determination of the degree of guilt or lack of guilt was strictly for the jury under proper instructions from the court.

With the foregoing, O'Neal presently voices no disagreement. However, he does urge that in one important respect the court's instructions to the jury were incorrect, and were so confusing in general that a fair determination of the issues was precluded.

The specific portion of the charge, the correctness of which is challenged, is this: "[W]hen the Commonwealth makes out a case of felonious homicide against a defendant, the killing is presumed to be malicious and murder of the second degree until the contrary appears in evidence. If the Commonwealth seeks to prove that the killing amounts to murder of the first degree, it then has the burden of raising that crime from second degree to first degree murder, and it must do so by proof of factors establishing beyond a reasonable doubt the higher degree of guilt. On the other hand, if the defendant contends that the homicide is not murder of the second degree but only manslaughter, then the burden is upon the defendant to prove the essential facts which would reduce the crime to manslaughter, unless they have already appeared in the evidence. However, the defendant's burden is to establish those facts only by the preponderance or the weight of the evidence, and not beyond a reasonable doubt."

It is primarily argued that in creating the presumption of malice and in placing the burden upon O'Neal of reducing the crime from murder to manslaughter, this, in effect, constituted a shifting of the burden of proof and required the accused to prove his innocence, at least as to murder in the second degree, and is therefore violative of due process.

We note, initially, that the instruction complained of antedates our decision in *Commonwealth ex rel. Johnson v. Myers*, 402 Pa. 451, 167 A. 2d 295, cert. denied, 366 U.S. 921, 81 S. Ct. 1099 (1961), by almost two years. In that case, we broke with prior law and expressed our disapproval of an instruction in a murder case to the effect that all felonious homicide is *presumed* to be murder in the second degree. However, such disapproval was short lived. In *Commonwealth v. Jordan*, 407 Pa. 575, 181 A. 2d 310 (1962), we were confronted with a like instruction that malice is presumed once a prima facie case of felonious homicide is made out. We there approved such an instruction and rejected anything to the contrary in *Johnson*. Thus, our disapproval voiced in *Johnson* of this presumption language was not the law at the time of appellant's trial (*Commonwealth v. Wucherer*, 351 Pa. 305, 41 A. 2d 574. (1945)) and is not the law in Pennsylvania today (*Commonwealth v. Brown*, 438 Pa. 52, 265 A. 2d 101 (1970)). Moreover, the thoughtful analysis of the presumption of malice in this context, contained in Mr. Justice HORACE STERN's opinion in *Commonwealth v. Wucherer*, supra, convinces us of its continuing validity and its compatibility with the Commonwealth's burden of establishing every element of the crime beyond a reasonable doubt.[1] The presumption of malice under

---

[1] The United States Supreme Court's recent decision in *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068 (1970), which held that the Due Process Clause of the Fourteenth Amendment protects an ac-

the circumstances is only a presumption of fact, i.e., it is a prima facie inference which is rebuttable by other proof. "Such a presumption does not mean that the jury *must* conclude, upon proof of a felonious homicide, that malice existed, but that, upon such proof being made, and in the absence of extenuating circumstances, a jury is *warranted* in determining that malice has been sufficiently shown to justify a conviction of murder; whether, under all the evidence in the case, malice did in fact exist, is for the jury's ultimate decision." *Commonwealth v. Wucherer,* supra, at 311, 41 A. 2d at 577.

In *Commonwealth ex rel. Johnson v. Myers,* supra, we also disapproved of the use of the word "burden" in describing defendant's task once the presumption of malice arises. However, if *Johnson* itself did not make it clear that our disapproval of this language was limited to future jury instructions on this point, our opinion in *Commonwealth v. Jordan,* supra, did. See *Commonwealth v. Kaminsky,* 434 Pa. 38, 252 A. 2d 695 (1969), a post-*Johnson* case, where we determined that it *was* error to so charge the jury. But, as noted before, the instant trial took place prior to *Johnson* and thus *Johnson* does not control. Nor are we persuaded that this ruling should now be given retroactive effect.

O'Neal further argues that on two occasions in the course of his instruction, the trial judge equated "felonious killing" with murder. Murder, of course, is a type of "felonious killing" but "felonious killing" embraces both murder and manslaughter. IV Blackstone, Commentaries, 190-191; 1 Wharton, Criminal Law

---

cused against conviction, except upon proof beyond a reasonable doubt of every fact constituting the crime with which he is charged, effects no basic change in Pennsylvania law. It merely adds a constitutional dimension to our long adhered to rule that the Commonwealth must prove every element of the crime beyond a reasonable doubt.

and Procedure §§187, 271; P.L.E., Homicide §1. And the trial judge made this quite clear in his instruction. Moreover, viewing the two challenged portions of the judge's charge in context (as we must: *Commonwealth v. Lopinson,* 427 Pa. 284, 234 A. 2d 552 (1967)), we do not find that a "felonious killing" was made to appear the equivalent of murder. While the trial judge spoke of murder as being a felonious killing (and this, of course, is true), he went on to elaborate in great detail on all the other necessary elements which must be established before murder of the first or second degree exists. When the jury instructions are read in their entirety, the meaning is clear and no error is evident.

We have considered each and every assignment of error and are unpersuaded that the present appeal has merit.

Judgment affirmed.

Mr. Justice COHEN concurs in the result.