**Clyde Eugene HILL, Appellant,**

v.

**Charles ZIMMERMAN, The Attorney General of Pennsylvania, and District Attorney for Dauphin County, Appellee.**

**No. 82–3345.**

United States Court of Appeals, Third Circuit.

Argued April 28, 1983.

Decided June 9, 1983.

Certiorari Denied Oct. 31, 1983.

---

Carl A. Solano (argued), Schnader, Harrison, Lewis & Segal, Philadelphia, Pa., for appellant.

Katherene E. Holtzinger (argued), Richard A. Lewis, William A. Behe, Dauphin County Dist. Attorney's Office, Harrisburg, Pa., for appellee.

Before WEIS and HIGGINBOTHAM, Circuit Judges, and BROTMAN, District Judge.*

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this habeas corpus case, a state prisoner alleges that the trial court committed constitutional error in its jury charge on presumption of malice and the burden of proof on insanity. After finding exhaustion of state remedies, the district court denied relief on the merits of the insanity issue and held there was a procedural default on the malice claim.[1] We conclude that the malice instruction issue was never fairly presented to the state courts. Accordingly, we vacate the judgment of the district court and direct dismissal of the habeas petition so that the malice claim may be pursued in state forums.

Petitioner was convicted on two counts of second-degree murder in a Pennsylvania state court in 1972. He was sentenced to two consecutive terms of 10 to 20 years each. The Pennsylvania Supreme Court affirmed on direct appeal, the only issue being the propriety of the consecutive sentences. *Commonwealth v. Hill,* 453 Pa. 349, 310 A.2d 88 (1973).

In 1977, petitioner initiated a pro se proceeding in the state trial court under the Post Conviction Hearing Act, Pa.Stat.Ann. tit. 19, §§ 1180–1 to 1180–14 (Purd.Supp. 1982) (current version at 42 Pa.Con.Stat. Ann. §§ 9541–9551 (Purd.1982)). Counsel other than trial counsel was appointed, and a hearing conducted. Petitioner raised five contentions:

1. the change in Pennsylvania law placing the burden of proving sanity on the prosecution should be applied retroactively to his case;

2. & 3. the trial court erred in admitting certain opinions by the state's psychiatric expert;

4. admission of a police officer's testimony was error; and

5. the state had failed to prove the petitioner was legally sane.

All of these contentions were rejected by the trial court, and the case was next reviewed and affirmed by a special panel of the Pennsylvania Superior Court. The state supreme court granted allocatur.

In his brief in the supreme court, petitioner listed as the "Statement of Question Involved" the following: "Is a criminal defendant, having raised the issue of insanity upon trial for murder, entitled to reversal of his conviction based upon erroneous jury instruction as to the burden of proof with respect to insanity where no objection thereto was raised at trial?"

The argument was divided into three parts. Point I was that the trial judge had erred in instructing the jury that a defendant had the burden of proving insanity, a doctrine in effect at the time of trial but changed thereafter.[2] The second point was

---

* The Honorable Stanley Seymour Brotman, United States District Judge for the District of New Jersey, sitting by designation.

1. The district court's opinion is reported at 542 F.Supp. 700 (M.D.Pa.1982).

2. Two years after petitioner's trial, the Pennsylvania Supreme Court held in *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974), that once evidence sufficient to raise the insanity defense is presented, the prosecution bears the

burden of proving a defendant's sanity beyond a reasonable doubt. The court was later unable to produce a majority on whether the rule announced in *Demmitt* was founded solely on state evidentiary law or also had a constitutional basis. *See Commonwealth v. Ernst,* 476 Pa. 102, 381 A.2d 1245 (1977). In 1982, the Pennsylvania legislature enacted a statute that requires a defendant to prove the defense of insanity by a preponderance of the evidence.

that the United States Constitution mandated the then-current Pennsylvania rule that the state was required to prove sanity beyond a reasonable doubt once the defendant produced evidence of insanity. In the course of this argument, petitioner cited *New York v. Patterson,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), in addition to a number of state court opinions.[3]

Petitioner began his argument on point II by asserting that *Mullaney* established a federal constitutional ban on shifting the burden of proof on insanity to a defendant. In discussing *Patterson,* petitioner noted that "Pennsylvania, unlike New York, incorporates malice as an *element* of the crime of Murder," and quoted from two state court cases defining malice. Following that, petitioner wrote:

> "Insanity, no less than self-defense, NEGATES THE ELEMENT OF MALICE. If a jury has reasonable doubt as to an accused's sanity, it *perforce* has reasonable doubt as to the existence of an essential element of the crime of murder. It follows, therefore, that in jurisdictions, such as Pennsylvania, where malice constitutes an element of the crime charged, an accused's sanity, once placed in issue, must be established by the prosecution beyond a reasonable doubt." (emphasis in original).

Point III of the brief argued that petitioner should not be found to have waived his right to retroactive application of the new Pennsylvania rule on proof of insanity because he did not object at trial. Petitioner contended that fundamental fairness

"condemns a finding of waiver grounded upon failure to assert a nonexistent right."

The Pennsylvania Supreme Court, being evenly divided, affirmed the denial of post-conviction relief. *Commonwealth v. Hill,* 492 Pa. 100, 422 A.2d 491 (1980). Justice Nix, joined by one other justice in an opinion announcing the judgment of the court, concluded that by failing to object to the charge on insanity at trial, petitioner had failed to preserve the burden of proof issue for appellate review. A third justice concurred in this result, but did not join the opinion. The three dissenting justices joined in an opinion by Justice Roberts asserting that petitioner should not have been required to object in anticipation of a change in the law on burden of proof. Neither opinion referred to any alleged error at the trial other than the charge on the insanity defense.

Petitioner then sought habeas corpus relief in the district court, contending that the jury charge on the burden of proof for insanity violated the due process clause of the fourteenth amendment. In the "Petitioner's Brief in Opposition to Commonwealth's Answer," he also raised, for the first time, the contention that the state trial court had given an erroneous instruction on malice.

The brief cited the following portion of the charge: "He who uses a deadly weapon without a sufficient cause or provocation *must be presumed* to do it wickedly or from a bad heart." (emphasis added). As with the insanity defense instruction, the charge on malice was in accord with Pennsylvania law at the time, *see Commonwealth v. O'Neal,* 441 Pa. 17, 271 A.2d 497 (1970), and no objection was made at trial. The brief argued "the presumption of malice given to the state unless Hill could prove his legal

---

See 1982 Pa.Legis.Serv. 1666, 1667 (Purdon) (to be codified at 18 Pa.Con.Stat.Ann. § 315(a)).

**3.** *In Re Winship* held that the due process clause requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. In *Mullaney,* the state was barred from requiring the defendant to prove that he acted in the heat of pas-

sion in order to negate an inference of malice and thus reduce a charge of murder to manslaughter. In *Patterson,* the Court upheld a New York law that placed the burden of proving "extreme emotional disturbance" on the defendant in order to reduce a homicide to manslaughter. *Hankersen* gave retroactive application to the *Mullaney* rule.

insanity to show sufficient cause for use of a deadly weapon did shift the burden upon a necessary element of the crimes charged and violated due process, *In re Winship,* 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368] (1970)."

The district court dismissed the petition. The court recognized that "when a procedural default at trial has barred an inmate from obtaining adjudication of his claim in the state appellate courts, federal habeas relief is not available absent a showing of 'cause' and 'actual prejudice.' *Wainwright v. Sykes,* 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977)." 542 F.Supp. at 703. As to the insanity defense instruction, however, the court found no deprivation of a federal right and, having reasoned that " '[i]t is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts,' " *id.* (quoting *Engle v. Isaac,* 456 U.S. 107, 120 n. 19, 102 S.Ct. 1558, 1567 (1982)), denied the writ as to this ground.

The district court then stated that "[p]etitioner's other claim in this federal habeas action relates to the trial court's instruction on the element of malice." 542 F.Supp. at 704. Although finding that the argument stated "at least a plausible constitutional claim," the court concluded that since petitioner had not demonstrated adequate cause for his failure to object to the instruction at trial, *Sykes* barred consideration. The district court also found that the alleged erroneous instruction on malice had been presented for review to the state supreme court.

On appeal to this court,[4] petitioner argues, in addition to other contentions, that the instruction on malice made "use of a gun conclusive proof of the distinct element of malice aforethought without independent satisfaction of the Commonwealth's burden on the issue." Petitioner contends

the charge is contrary to *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), because it could mislead a reasonable juror as to the conclusiveness of the presumption or the prosecution's burden on the element of malice.[5]

It is well settled that ordinarily a state prisoner seeking habeas corpus relief in the federal courts must first exhaust available state judicial remedies. That doctrine has been incorporated into the federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), and has its foundation in federal-state comity concerns. *See Duckworth v. Serrano,* 454 U.S. 1, 3–4, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam).

In *Picard v. Conner,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), the Supreme Court emphasized that "the federal claim must be fairly presented to the state courts." Indeed, the petitioner must "present the state courts with the same claim that he urges upon the federal courts." *Id.* at 276, 92 S.Ct. at 512. It is not enough that the petitioner presents the same facts. He must provide the state court with "an opportunity to apply controlling legal principles ... bearing upon [the] constitutional claim," *id.* at 277, 92 S.Ct. at 513, and call it to the attention of the court. In a later case, the Court said that the "method of analysis" advanced in the federal proceeding must have been "readily available to the state court." *Stanley v. Illinois,* 405 U.S. 645, 658 n. 10, 92 S.Ct. 1208, 1216 n. 10, 31 L.Ed.2d 551 (1972).

In *Zicarelli v. Gray,* 543 F.2d 466 (3d Cir.1976) (in banc), the petitioner had presented a sixth amendment claim to the state court that was related to but not quite the same as one that surfaced in the federal court proceedings. The petitioner contended that he had cited the case on the challenged point to the state court and had argued it orally. We found the cited opin-

---

**4.** We note that petitioner was ably represented by counsel appointed by the court for purposes of this appeal.

**5.** In *Sandstrom,* the Supreme Court found the jury charge that "[t]he law presumes that a person intends the ordinary consequences of

his voluntary acts" to be unconstitutional because the "jury may have interpreted the ... instruction as constituting a burden-shifting presumption like that in *Mullaney,* or a conclusive presumption." 442 U.S. at 524, 99 S.Ct. at 2459.

ion somewhat ambiguous and held that mere reference to it did not fairly present that claim to the state court.

The same shortcoming is present in the case at hand. We have carefully reviewed the record of the postconviction proceedings in the state courts. The petitioner clearly and unmistakably pressed his claim that, judged by then-applicable Pennsylvania standards, the charge on burden of proof with respect to insanity was erroneous. Petitioner also forcefully contended that his lawyer at trial had not objected to that portion of the charge because counsel believed it constituted basic and fundamental error, which at that time did not require specific objection. *See Commonwealth v. Williams,* 432 Pa. 557, 248 A.2d 301 (1968) (rule abrogated in *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974)). The references to *Mullaney, Patterson,* and *Winship* were all made in the context of the insanity defense.

The only reference to malice in the state supreme court brief was also in connection with the insanity charge. At no time in the petitioner's briefs in the trial court or in the state supreme court is there any contention that the charge on malice, independent of the insanity issue, raised an unconstitutional presumption in violation of the *Patterson-Mullaney-Winship* line of cases. Indeed, that argument makes its first appearance in the petitioner's brief in the district court. Even there, although its existence as a separate claim begins to emerge, the umbilical cord to the insanity defense claim is still visible.

It is in the district court's opinion that the malice point finally stands on its own two feet, and not until the petitioner's brief is filed in this court is the name of *Sandstrom* pronounced. Thus, only the federal courts have been squarely presented with the contention that the malice instruction, standing alone and without reference to the insanity charge, violated due process.

The facts were before the state courts, the *Patterson, Mullaney,* and *Winship* cases were cited there, but the focus was not on malice; it was on insanity. The two points

have much in common and it is understandable how one can lie in the shadow of the other without being observed. But they are indeed separate issues, and we cannot say that the state courts were given a fair and adequate opportunity to pass on the malice claim.

It could be argued that the matter should not be referred back to the state courts because the same ground of failure to preserve the issue for appeal might preclude consideration of the malice issue as it did the insanity point. Exhaustion is not required when under the circumstances it would be unavailing. *Humphrey v. Cady,* 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972); *Zicarelli v. Gray,* 543 F.2d at 473 n. 35. However, Pennsylvania law does not absolutely prohibit petitioner from filing a second postconviction petition, *see* Pa.Stat.Ann. tit. 19, §§ 1180–3 to 1180–5 (Purd.Supp.1982), and the unusual circumstances here preclude us from finding that further efforts in state court would be unavailing.

As noted earlier, the Pennsylvania Supreme Court's denial of post-conviction relief was by an equally divided vote. Three of the justices would have entertained petitioner's insanity claim because the failure to object to the charge had to be considered in light of the practice at the time of trial, which was to review basic and fundamental error even in the absence of objection. Two other justices defined the issue as one of issue preservation. Another concurred in the denial of relief without stating reasons. The seventh member of the court resigned before the *Hill* case was decided.

Moreover, the court had been unable to reach agreement on the preservation issue in a previous case, *see Commonwealth v. Ernst,* 476 Pa. 102, 381 A.2d 1245 (1977), and has not resolved the question since hearing petitioner's appeal. At oral argument in this court, petitioner contended that the position of the justices who declined to hear his appeal had become the law of Pennsylvania by the later decision of *Commonwealth v. Hernandez,* 498 Pa. 405,

446 A.2d 1268 (1982). But that case did not resolve the issue.

In *Hernandez,* the appellant sought post-conviction relief on the ground that there had been a violation of the Pennsylvania Supreme Court's *McCutchen* rule, which established certain prerequisites for the waiver of constitutional rights by juveniles. *See Commonwealth v. McCutchen,* 463 Pa. 90, 343 A.2d 669, *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1975). The court declined to reach the merits in *Hernandez* because, although *McCutchen* had been given retroactive application to pending cases, *see Commonwealth v. Barnes,* 482 Pa. 555, 557 n. 2, 394 A.2d 461 n. 2 (1979), appellant had not raised the issue in his appeal pending at the time *McCutchen* was decided. *Hernandez,* then, did not directly address the issue left unresolved in *Ernst* and *Hill*—whether the failure to object at trial in reliance on the then-applicable "basic and fundamental error" rule will now preclude appellate consideration.

In this unique setting, we cannot say that the state courts will not entertain the petitioner's malice claim. The denial of relief on the insanity issue was by a court which could not muster a majority because of a vacancy on its bench. The court is now at full strength and may decide at this point to reconsider the matter. In the interest of comity we are obliged to at least furnish the opportunity.

Under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), we may not consider any claim raised by a habeas corpus petition unless there is state exhaustion as to all claims. Therefore, this petition must be dismissed. The judgment of the district court will be vacated and the case remanded to it with directions to dismiss the petition without prejudice to the petitioner's right to present his claim to the state courts.