FORD ELLIOTT, Judge:
This is an appeal from the judgment of sentence entered June 20, 1990, in the Court of Common Pleas, Beaver County.
Appellant proceeded to a jury trial on December 13, 1989, and was found guilty of eight violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113. Timely post-verdict motions for a new trial and/or in arrest of judgment were filed and denied following argument before the court en banc on April 18, 1990. This timely appeal followed.
The facts pertinent to a discussion of this appeal were stated by the trial court as follows.
The principal Commonwealth witness at trial was one Michael Carr ("Carr”), a police informant. Carr, who was admittedly facing several criminal charges against him, had been cooperating with the police over a period of several months in an investigation of the defendant. Carr testified that on December 16, 1988, he informed the police that the defendant was in possession of a substantial amount of marijuana and was selling it. After strip- *489 searching him, police gave Carr a marked twenty-dollar bill and instructed him to make a “buy” from the defendant. Carr went to the defendant’s apartment, purchased “an eighth of weed” (Trial Transcript, page 60) from the defendant, and paid for it with the marked twenty-dollar bill. He returned to the police, who were staked out nearby, and delivered to them a plastic baggie containing the marijuana which he had purchased.
The police obtained a search warrant and an arrest warrant and went to the defendant’s apartment. They arrested the defendant and, in making the search, uncovered the marked twenty-dollar bill which they had earlier given to Carr, two marijuana cigarettes in the defendant’s jacket, and a scale.
On appeal, appellant raises two issues: whether in a conviction for unlawful possession and delivery, it was error for the trial court to instruct the jury that the burden of proof is on the defendant to show authorization, where the defendant presented no evidence at trial of authorization, and whether trial counsel was ineffective for failing to file Omnibus Pre-Trial Motions to suppress evidence where the search warrant failed to state that the confidential informant was credible and reliable.
Initially, appellant argues that the trial court erred by instructing the jury that the burden of proof to show authorization was on appellant where appellant had not presented evidence of authorization at trial. Appellant maintains that by so instructing the jury, the trial court violated appellant’s due process rights under the 14th Amendment of the United States Constitution. In addition, appellant submits that the effect of the jury instruction was to shift the burden of proof thereby prejudicing him and warranting a new trial. Commonwealth ex. rel. Johnson v. Myers, 402 Pa. 451, 167 A.2d 295 (1961); Commonwealth v. Jordan, 407 Pa. 575, 181 A.2d 310 (1962); Commonwealth v. O’Neal, 441 Pa. 17, 271 A.2d 497 (1970); Commonwealth v. Kaminsky, 434 Pa. 38, 252 A.2d 695 (1969).
*490 On review of an alleged erroneous and prejudicial jury instruction, this court must look at the entire charge to the jury, and not merely one isolated excerpt therefrom. Commonwealth v. Davis, 331 Pa.Super. 285, 480 A.2d 1035 (1984). Upon our review of the entire jury instruction we cannot find that appellant was prejudiced. At no time did the court shift the burden of proof on any element to appellant. As evidenced by the following excerpt, the jury was informed clearly that the Commonwealth had the burden of proving every element of the crimes charged in order to prove guilt beyond a reasonable doubt.
A fundamental principle of our system of criminal law is that the Defendant is presumed to be innocent. The mere fact that he was arrested and is accused of a crime or crimes is not any evidence against him. Furthermore, the Defendant is presumed innocent throughout the trial and unless and until you conclude, based upon careful and impartial consideration of the evidence, that the Commonwealth has proven him guilty beyond a reasonable doubt. It is not the Defendant’s burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crime charged and that the Defendant is guilty of that crime beyond a reasonable doubt. The person accused of a crime is not required to present evidence or prove anything in his own defense. If the Commonwealth fails to meet its burden, then your verdict must be “not guilty.” On the other hand, if the Commonwealth’s evidence does prove beyond a reasonable doubt that the Defendant is guilty, then your verdict should be “guilty.”
Notes of testimony, 12/12/89 at 130-131 (emphasis added).
With respect to the issue presented by appellant, the disputed portion of the charge was as follows:
First of all, I charge you that “controlled substances” as defined under Pennsylvania’s Controlled Substances Act include both LSD and marijuana. The possession of a controlled substance is unlawful except when it is authorized. The burden of coming forward with some evi *491 dence of authorization is on the Defendant, and there is no evidence of authorization in this case. Under the law, for a person to possess a controlled substance, he must have the power to control and the intent to control that substance. In determining whether or not the Defendant had possession of a controlled substance on the three dates in question, you should consider evidence of all facts and circumstances which may shed light on the question of whether the Defendant had the power to control and the intent to control the LSD or the marijuana.
# # * * # *
The Defendant is also charged with delivering a controlled substance on each of these three occasions. Once again, if you find that the substances were LSD and marijuana, I instruct you that LSD and marijuana are controlled substances as defined under the Commonwealth’s Act of Assembly. The delivery of a controlled substance is unlawful unless it is authorized. The burden of coming forward with some evidence of authorization is on the Defendant. There is no evidence of authorization in this case.
Notes of testimony, 12/12/89 at 126-127.
As the Commonwealth correctly notes, section 780-121 of the Controlled Substance, Drug, Device and Cosmetic Act clearly places the burden of coming forward with evidence of authorization on the defendant at trial. In Commonwealth v. Sojourner, 268 Pa.Super. 488, 408 A.2d 1108 (1979), this court concluded that non-authorization is an element of the crime of possession. Additionally, the court emphasized that the CSDDCA sought to punish the unauthorized possession of controlled substances; not merely possession of controlled substances. However, the court also recognized that were the Commonwealth obliged to disprove every possible kind of authorization, then the mandates of the CSDDCA would be frustrated and, in effect, unenforceable. The court expounded on the established legal principle that the Commonwealth has the bur *492 den of proving every element of a crime beyond a reasonable doubt; yet, the initial burden of going forward with some evidence need not always rest on the Commonwealth. Instead, the defendant may be required to produce some evidence, in an effort to avoid jury confusion and to prevent the prosecution from being unduly hampered. Consequently, the court noted the distinction between the burden of persuasion and the burden of production and determined that in CSDDCA cases, the defendant had the burden of production of some evidence of authorization before the Commonwealth is required to come forward with evidence to rebut authorization as its burden of persuasion. This is not to say that the burden of proof shifts to the defendant; but rather that the burden of production is on the defendant, while the burden of persuasion remains with the Commonwealth to prove the elements of the charge beyond a reasonable doubt. Sojourner, supra. As set out in Sojourner:
Thus, by requiring the accused to come forward with some evidence of authorization before the Commonwealth need disprove authorization beyond a reasonable doubt, three different and important goals are achieved: (1) The constitutional rights of the accused are protected; (2) Enforcement of the act is not seriously hampered; (3) The CSDDCA conforms with the growing majority of jurisdictions which have interpreted virtually identical provisions in this fashion.
Commonwealth v. Sojourner, 268 Pa.Superior Ct. at 408 A.2d at 1115.
In a case such as the instant one, where appellant chose not to offer evidence of authorization, the court correctly noted this in its charge to the jury. The instructions given can be found in the Pennsylvania Standard Jury Instructions. Consistent with Sojourner, the subcommittee note to this instruction explains that the defendant has the burden of production, and the Commonwealth has the burden of persuasion, as to authorization. It advises the court that, although it may inform the jury of the defendant’s burden of production, in the absence of evidence of authori *493 zation, the jury should be charged only as to two elements: the possession of and intent to possess a controlled substance. On the other hand, if the defendant does come forward with credible evidence of authorization, then the jury charge should instruct as to three elements: possession, intent to possess, and non-authorization to possess a controlled substance.[1] Instantly, the jury was charged properly on the only two elements upon which they convicted appellant: the power to control, and the intent to control a controlled substance. Consequently, appellant’s claim is without merit.
In appellant’s second argument, he contends that prior counsel was ineffective for failing to file an omnibus pre-trial motion to suppress evidence, where the search warrant failed to state that the confidential informant was credible and reliable. Appellant properly states that whether probable cause existed to support the issuance of a search warrant depends on a “totality of the circumstances” standard. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Commonwealth v. Gray, 509 Pa. 476, 503 A.2d 921 (1985). It is the task of the issuing magistrate to view all the information before him and to determine whether the contraband will be found, more probably than not, at a specific location. Gray, supra. Thus, it is appellant’s belief that where the affidavit did not contain information regarding the informant’s reliability, then the entire search warrant must fail for lack of probable cause.
Initially, we note that a claim of ineffectiveness of trial counsel will be established if appellant demonstrates *494 that: the specific tactic omitted by prior counsel had arguable merit; prior counsel’s chosen strategy had no reasonable basis for effectuating appellant’s interests; and, appellant was prejudiced by prior counsel’s omission. Commonwealth v. Durst, 522 Pa. 2, 559 A.2d 504 (1989). Appellant has failed to establish his claim.
Probable cause to support the issuance of a search warrant did exist. In addition to the informant’s tip, the arresting officers corroborated the information by conducting surveillance of appellant for several months prior to securing the search warrant. Several officers participated in the surveillance of appellant, and their concerted observations further established that the information was truthful. Once apprised of the officers’ observations, the issuing magistrate had a reasonable basis to conclude that the contraband would be at the place to be searched. Gray, supra. Had prior counsel attempted to suppress the evidence, as appellant now suggests, the magistrate's decision to issue the warrant would have been upheld as the police officers’ observations provided an independent basis of probable cause. Contrary to appellant’s assertion, prior counsel was not ineffective in this regard. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987).
Judgment of sentence affirmed.
POPOVICH, J., dissents.

. While we find under the facts and circumstances of this case that appellant was not prejudiced by the court’s charge, we also recognize that the suggested instructions are inartfully drafted. The subcommittee note and Sojourner both address and distinguish the different types of burdens regarding authorization with legal acumen. However, we must assume that a jury of veniremen have not been so enlightened as to such distinctions. It may be that the suggested jury instructions should be rewritten to exclude the term “burden" as it relates to a defendant’s responsibility to come forward with evidence of authorization, where an alternate term would quell any potential for misunderstanding.