26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Boy PUFFER, Petitioner-Appellant,
v.
Samuel A. LEWIS, et al., Respondents-Appellees.
 No. 93-15865.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1994.[1]
Decided June 2, 1994.
 
 1
 Before: NORRIS AND O'SCANNLAIN, Circuit Judges; COUGHENOUR,[2] District Judge.
 
 MEMORANDUM[3]
 
 2
 James Boy Puffer was convicted of second degree murder. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court adopted the findings and recommendations of the magistrate judge and denied the writ. Puffer appeals the district court's denial of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 I.
 
 3
 We review de novo the district court's denial of a petition for a writ of habeas corpus. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). Because the facts are familiar to the parties, we do not restate them here.
 
 
 4
 Puffer first contends that the jury instructions given at trial improperly shifted the burden of proof on the element of malice. Puffer relies upon Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450 (1979), wherein the Supreme Court held that mandatory presumptions in the context of jury instructions violate the Due Process Clause.
 
 
 5
 Puffer waived his jury instruction claim by raising it on post-conviction review rather than presenting it on appeal. The Arizona court of appeals in the second post-conviction proceeding expressly stated that the Sandstrom claim was barred from consideration under Arizona Rule of Criminal Procedure 32.2(a)(3) because it was not raised on appeal. See also Reed v. Ross, 468 U.S. 1, 11, 104 S.Ct. 2901, 2907 (1983). The fact that the court of appeals denied relief on the merits in an alternative holding does not negate the state's procedural bar. Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 1044 (1989).
 
 
 6
 Petitioner argues that he exhausted his state court remedies by presenting his jury instruction claim to the Arizona supreme court in his state petition for a writ of habeas corpus. He asserts that the supreme court denied the claim based on State v. Sandon, 161 Ariz. 157, 777 P.2d 221 (1989), instead of on procedural grounds. This argument fails because the state supreme court dismissed Petitioner's petition for a writ of habeas corpus on jurisdictional grounds. State v. Sandon, 161 Ariz. 157, 777 P.2d 221 (1989). The fair presentation requirement in order to exhaust state court remedies is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. Castille v. People, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989). Thus Puffer's state habeas petition to the Arizona supreme court did not fairly present the claim to the state's highest court.
 
 
 7
 Puffer further contends he could not raise the claim on appeal because Sandstrom was decided 6 years after his appeal. Although Puffer claims Sandstrom represents a significant change in the law, Sandstrom is an extension of In Re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970), which was decided three years prior to Puffer's appeal. In the three years following In Re Winship, numerous defendants relied upon this decision to challenge the constitutionality of rules requiring them to bear a burden of proof.[4]
 
 
 8
 Furthermore, even if Sandstrom did represent a significant change in the law, Puffer may not avail himself of its retroactive application on a writ for habeas corpus.[5] When a direct review is completed and the conviction is final, a new constitutional rule cannot be applied on collateral review. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1061, 1079 (9th Cir.1989). Direct review of Puffer's case ended in 1973, and therefore he cannot claim relief under a rule he contends was first enunciated in 1979. Neither of the Supreme Court's exceptions to the bar on retroactivity apply to this case. Accordingly, Puffer procedurally defaulted on his jury instruction claim.
 
 II.
 
 9
 Petitioner contends that his failure to raise the jury instruction claim on appeal may be excused because he received ineffective assistance of counsel. A claim of ineffective assistance of counsel requires that the claim be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639, 2645 (1986).
 
 
 10
 Petitioner raised the issue of ineffective assistance of appellate counsel in his first post-conviction relief proceeding. However, Puffer's vague allegations did not specify that appellate counsel was ineffective for failing to raise the implied malice jury instruction. In order to meet Sec. 2254's exhaustion requirement, a petitioner must fairly present the substance of his habeas corpus claim to the state courts. A claim is "fairly presented" if petitioner describes the operative facts and legal theories on which he or she bases the claim. Picard v. Conner, 404 U.S. 270, 277-8, 92 S.Ct. 509, 513 (1971); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). By only referring to "the effectiveness of both trial and appellate counsel" without providing any operative facts, Puffer did not present the substance of his ineffective assistance of counsel claim to the state court of appeals, and therefore did not exhaust the claim. By failing to raise the issue on his second post-conviction relief proceeding, he waived it. Because Puffer waived his claim, he may not assert the claim as cause for a procedural default in a federal habeas petition. Murray v. Carrier, 477 U.S. 478, 489, 106 S.Ct. 2639 (1986); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988).
 
 
 11
 Petitioner also raised the issue of ineffective assistance of appellate counsel for failure to raise the Sandstrom claim in his petition for writ of habeas corpus to the Arizona Supreme Court. However, a state petition for writ of habeas corpus is an inappropriate procedure to exhaust state court remedies. Castille v. People, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989).
 
 
 12
 Furthermore, Puffer's claim of ineffective assistance of counsel is not sufficient cause to excuse his procedural default. There is no indication in the record that counsel's failure to raise the claim falls "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2047, 2066 (1984). The fact that counsel failed to recognize or raise a particular claim does not constitute cause for procedural default. Murray v. Carrier, 477 U.S. at 492, 106 S.Ct. at 2647-48.
 
 
 13
 Puffer alternatively argues that the novelty of his legal claim is cause for counsel's failure to raise the issue on appeal. However, Puffer's constitutional claim under Sandstrom was reasonably available to counsel at the time of his appeal. Where the basis of a constitutional claim is available, alleged unawareness of the objection is not cause for a procedural default. Engle v. Isaac, 456 U.S. 107, 134, 102 S.Ct. 1558, 1575 (1982).
 
 
 14
 Puffer finally argues that he received ineffective assistance of counsel in his first post-conviction relief proceeding for not raising the Sandstrom instruction, and such ineffective assistance of counsel is cause for his procedural default on his jury instruction claim. There is, however, no right to counsel in state collateral proceedings after exhaustion of direct appellate review. Pennsylvania v. Finley, 481 U.S. 551, 556, 107 S.Ct. 1990, 1993 (1987). Because there is no constitutional right to counsel in collateral proceedings, a defendant's procedural default in state collateral proceedings, even if attributed to counsel's failure, cannot constitute "cause" for a procedural default. Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2569 (1991).
 
 III.
 
 15
 Finally, there is no showing in this case that failure to consider Puffer's claim will result in "a fundamental miscarriage of justice." Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2565 (1991). To show the "fundamental miscarriage of justice", a petitioner must make a colorable showing of "actual innocence," Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616 (1986).
 
 IV.
 
 16
 Based on the foregoing reasons, the district court's denial of Puffer's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [2]
 The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 See e.g. Leland v. Oregon, 343 U.S. 790, 795, 72 S.Ct. 1002, 1006 (1951) (state has burden to prove every element of the charged crime); Phillips v. Hocker, 473 F.2d 395 (9th Cir.1973) (mental capacity); State v. Commenos, 461 S.W.2d 9 (Mo.1970) (en banc) (intent to return allegedly stolen item); Phillips v. State, 86 Nev. 720, 475 P.2d 671 (1970) (insanity), cert. denied, 403 U.S. 940, S.Ct. 2260, (1971); Commonwealth v. O'Neal, 441 Pa. 17, 271 A.2d 497 (1970) (absence of malice)
 
 
 [5]
 Petitioner's reliance on Yates v. Aiken, 484 U.S. 211, 108 S.Ct. 534 (1988) is misplaced because, in Yates, the Supreme Court applied Sandstrom retroactively to a case before the Court on direct review. Puffer, in contrast, makes his claim on collateral review