672 A.2d 819

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Alfred LUTON.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1996.

Filed March 7, 1996.

610

Andrew S. Gibson, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Vincent J. Ziccardi, Philadelphia, for appellee.

Before CIRILLO, President Judge Emeritus, and BECK, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

The Commonwealth appeals the order of the Court of Common Pleas of Philadelphia County granting defendant's motion to suppress.[1] We reverse.

After receiving several neighborhood complaints suggesting continuous drug-selling operations occurring at Alfred Luton's Philadelphia home, the police employed the use of a confidential informant[2] to conduct a "controlled" drug sale from the defendant at his residence. Using marked "bills," the informant bought a substance from Luton, which later tests revealed was cocaine. Following this "sale," the officer prepared an affidavit to search Luton's residence.

On the following day, the magistrate issued a search warrant for Luton's premises. The search uncovered: one large bag containing crack cocaine; dozens of empty, unused crack vials and lids; cash; and a fully-loaded semi-automatic handgun on the co-defendant's person. The police arrested Luton and charged him with possession with intent to deliver.

Luton subsequently filed a motion to suppress the physical evidence uncovered from the search of his residence, alleging that the affidavit lacked probable cause to conclude

1. The Commonwealth has properly certified that, pursuant to Pa.R.A.P. 311(d), the order appealed from will terminate or substantially handicap the Commonwealth in its prosecution of Luton. Therefore, we have jurisdiction to hear this appeal. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985); *Commonwealth v. Whitehead*, 427 Pa.Super. 362, 629 A.2d 142 (1993).

2. For purposes of clarity, it is important to note that the "confidential informant" who conducted the controlled buy for the police was not an informant who had provided any tips regarding the allegation of Luton's drug activity. Rather, the informant was merely retained as an agent for the police to conduct the sale of drugs with Luton. In fact, the Commonwealth's brief states:

Here, the police were not seeking a search warrant based upon a tip provided by an uncorroborated informant. Instead, the request for the search warrant was based primarily upon the *affiant's own, first-hand observations* at the time of the controlled buy. . . .

Accordingly, this appeal is not concerned with corroborating any informant information for purposes of assessing veracity of tips used to obtain the warrant. *See Commonwealth v. Jones*, 542 Pa. 418, 668 A.2d 114 (1995).

that contraband was "stored" and would be found upon searching his premises. The trial court granted the motion and the Commonwealth appeals raising the following issue:

Did the police have probable cause to search a house, pursuant to a warrant, where, after receiving complaints from neighbors of illegal drug-dealing at the house, they arranged and supervised a controlled purchase of crack cocaine inside the premises?

When reviewing the Commonwealth's appeal from the decision of a suppression court, "we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole [that] remains uncontradicted." *Commonwealth v. Peters*, 434 Pa.Super. 268, 270, 642 A.2d 1126, 1127 (1994) (citations omitted). When the evidence supports the court's findings of fact, we may reverse only when the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Elliot*, 416 Pa.Super. 499, 611 A.2d 727 (1992) (citation omitted).

The ultimate issue in a suppression hearing is whether the police officer affiants had probable cause at the time they applied for a search warrant. *Commonwealth v. Iannaccio*, 505 Pa. 414, 480 A.2d 966 (1984). At such hearings, the Commonwealth has the burden of proving that the facts presented to the magistrate demonstrate probable cause. *Id.* The standard for evaluating whether probable cause exists for the issuance of a search warrant is the "totality of the circumstances" test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), which was adopted by the Pennsylvania Supreme Court in *Commonwealth v. Gray*, 509 Pa. 476, 484, 503 A.2d 921, 925 (1985). A magistrate is to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 484, 503 A.2d at 925, *quoting Gates*,

462 U.S. at 238–39, 103 S.Ct. at 2332–33. The information offered to establish probable cause must be viewed in a common sense, non-technical manner and deference must be given to the issuing magistrate. *Commonwealth v. Baker,* 532 Pa. 121, 126–27, 615 A.2d 23, 25 (1992). It must be remembered that probable cause is based on a finding of the probability of criminal activity, not a *prima facie* showing of criminal activity. *Id.*

At the suppression hearing the defense presented no witnesses, and, as such, the following facts remain uncontradicted: the magistrate was provided with an affidavit that included the following information—the police had received several neighborhood complaints about illegal sales of narcotics occurring at Luton's home; an officer and an informant went to Luton's residence where the informant, at the observation of the officer, knocked and was admitted to the home; while inside, the informant took a pre-recorded bill and gave it to Luton; Luton went into another room and later returned with two colored zip-lock bags, each containing a white powdery substance; a test was conducted on one of the bags which revealed the substance contained therein was of a cocaine base; upon return to the police station the officer searched the informant again and the marked bill was not found on his person. The officer-affiant, believing that crack-cocaine was being sold and stored in the defendant's premises, requested a search warrant for Luton's home.

The Commonwealth argues that the suppression court improperly analyzed the facts underlying the basis for the affidavit. It alleges that instead of conducting a "totality of the circumstances" approach, the court evaluated the facts independently. From this analysis, the Commonwealth claims that the judge incorrectly concluded that there was no probable cause to "believe that either illegal drugs, or other evidence connected with this illegal drug-selling operation would be found inside" Luton's residence.

Our state courts have held that members of a particular neighborhood are well-qualified to observe what is happen-

ing in their community, and "should be supported in reporting drug activity to the police." *Commonwealth v. Dennis*, 417 Pa.Super. 425, 612 A.2d 1014 (1992). *See also Commonwealth v. Sudler*, 496 Pa. 295, 436 A.2d 1376 (1981) (unlike typical informant cases where information may be provided for self-serving reasons, citizens' reports of criminal activity are assumed to be credible). In addition, while an allegation based on an assumption or supposition not supported by the facts is insufficient to establish that there is criminal activity in a residence, *Commonwealth v. Davis*, 407 Pa.Super. 415, 595 A.2d 1216 (1991), "the law does not require that the information in a warrant affidavit establish with absolute certainty that the object of the search will be found at the stated location, nor does it demand that the affidavit information preclude all possibility that the sought after article is not secreted in another location." *Id.* (citations omitted).

The trial court opinion states that the suppression court suppressed the drugs that were not a product of the controlled buy conducted by the confidential informant under the surveillance of the police. The court concluded that, based on the facts in the affidavit from which the search warrant for Luton's home issued, a magistrate could not determine that a single controlled sale of narcotics, coupled with neighbors' complaints of ongoing drug sales in a particular residence, established probable cause to believe that drugs were being *stored* in the residence.

The trial court's suppression of evidence from Luton's home is against the well established principles of probable cause and the law regarding issuance of search warrants. *See Commonwealth v. Baker*, 532 Pa. 121, 615 A.2d 23 (1992) (facts sufficient to establish probable cause for issuance of search warrant where informant was used by the police to conduct four controlled purchases of cocaine from defendant on four separate occasions, informant's information implicating defendant as the seller was corroborated by police officer's first hand observations when he gave informant money to purchase cocaine and saw informant enter residence and return from residence with cocaine, and where other independent sources

reported that the defendant was involved in illegal drug sales from his residence; in addition informant told police that defendant told him that there were additional amounts of cocaine in the residence); *Commonwealth v. Johnson*, 358 Pa.Super. 435, 517 A.2d 1311 (1986) (abundant probable cause existed on face of search warrant for defendant's residence in a case where, based on an informant's tip, police conducted a controlled buy of heroin from the defendant within 48 hours of execution of search, observed defendant leaving his residence to meet with informant, who immediately delivered heroin to surveillance officer, and recorded serial numbers of bills used in making a second controlled purchase); *Commonwealth v. Camperson*, 437 Pa.Super. 355, 650 A.2d 65 (1994) (where affidavit recited purchases of methamphetamine from defendant and where a third party had observed the manufacture of the drugs in the defendant's residence and where drugs which were to be supplied to third party for resale were in defendant's possession at defendant's residence under police surveillance, facts were sufficient to establish probable cause for believing that contraband would be found in defendant's residence); *Commonwealth v. Eicher*, 413 Pa.Super. 235, 605 A.2d 337 (1992) (where police officer conducted investigation of defendant and set up drug buy with defendant where he was sold two bags of cocaine and where defendant informed the officer that he possessed additional quantities of cocaine, where the cocaine sold to the officer had been stored at defendant's residence, magistrate had a substantial basis for finding that sufficient probable cause existed to search defendant's residence).

Based upon the totality of the circumstances, the police-conducted "controlled buy" sufficiently corroborated the neighbors' observations alleging drug operations from Luton's home. *Dennis, supra; Johnson, supra.* Accordingly, the magistrate could have concluded by a fair probability that drug selling and storing was taking place at Luton's home. *Gray, supra.* We agree with the Commonwealth's argument on appeal and find that the motion to suppress should be reversed. *See Commonwealth v. South*, 408 Pa.Super. 486,

597 A.2d 137 (1991) (where informant's tip that defendant was in possession of drugs and was selling drugs was corroborated by officers' conducting a controlled buy between informant and defendant and where the officers surveilled the defendant for several months prior to executing the search warrant, issuing magistrate had a reasonable basis to conclude that the contraband would be at the place to be searched).

Order reversed.