## Commonwealth *v.* Dreher, Appellant.

*Criminal law — Murder — Degree — Weapon.— Premeditation— Charge.*

1. In a murder trial where the evidence shows that defendant, in a second quarrel in the same evening with the woman to whom he was engaged, drew a razor and cut her twice in the throat, in such a way that either wound would have caused her death, a conviction of murder of the first degree, will be sustained.

2. In such case there is no error in the court charging that "if there was a previous deliberation or previous intent to kill, however sudden and however quickly put into execution, the act is premeditated; an instant of time may be all the time necessary for one to form a determination to do a certain thing, so swift is the operation of the human mind."

3. The deliberations and premeditations required is not upon the intent but upon the killing. An intent distinctly formed, even for a moment before being carried into execution, is sufficient.

Argued March 27, 1922.    Appeal, No. 383, Jan. T., 1922, by defendant, from judgment of O. & T. Phila. Co., Oct. T., 1921, No. 732, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Joseph Dreher.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ.    Affirmed.

Indictment for murder.    Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree upon which judgment of sentence was passed.    Defendant appealed.

*Errors assigned* were (1) whole charge and (2) sentence, quoting record.

*W. A. S. Lapetina* and *Hugh McAnany, Jr.,* for appellant.—The charge as to premeditation, was erroneous: Com. v. Drum, 58 Pa. 9; Jones v. Com., 75 Pa. 403; Lanahan v. Com., 84 Pa. 80; Com. v. Greene, 227 Pa. 86.

The use of a weapon upon a vital part does not shift the burden from the Commonwealth of proving the intent, the deliberation and the premeditation: Com. v. Chapler, 228 Pa. 630; Com. v. Greene, 227 Pa. 86; Com. v. Morgenthau, 249 Pa. 139.

*Charles F. Kelley,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Buccieri, 153 Pa. 535; Com. v. West, 204 Pa. 68; Com. v. Diaco, 268 Pa. 305; Com. v. Reed, 234 Pa. 573.

OPINION BY MR. JUSTICE FRAZER, May 15, 1922:

Defendant was convicted of murder of the first degree, by inflicting injuries with a razor upon Ethel Warren, to whom he was engaged to be married; as a result of the injuries she died within a few minutes. Defendant did not deny having committed the act, but claimed it was done at a time when he was "crazy in his mind" as a result of her having "shoved him in the face with her hand" during a quarrel in which she called him a liar and accused him of being unfaithful to her. The questions presented for review are: first, whether the trial judge erred in his charge as to the elements necessary to constitute first degree murder, and, second, whether there was sufficient evidence to sustain the verdict.

In defining premeditation as applying to first degree murder, the trial judge charged: "If there was a previous deliberation or previous intent to kill, however sudden and however quickly put into execution, the act is premeditated. An instant of time may be all the time necessary for one to form a determination to do a certain thing, so swift is the operation of the human mind." The foregoing is the language to which exception is taken, the contention being it minimized the element of premeditation so as practically to eliminate it from consideration by the jury. In applying the definition to the present case, the court said further: "In this case the

Commonwealth contends that there was a previously formed and an express intention to kill. In the absence of an express declaration of intention it is not possible for one person to tell the thoughts, the operation of the mind, of another. The intent to kill may be inferred from the words and the actions of the defendant and from the nature of the weapon used. The Commonwealth produces, so far as within its power, evidence of the surrounding circumstances, and from that evidence the jury must determine the intention of the defendant at the time of the commission of the act, if such an intention is to be found at all. In reaching your conclusion on that point you must take into consideration the position of the parties, their relation, the weapon used, how it came into the possession of the defendant and all of the facts surrounding the commission of the act, the part of the body upon which the wound was inflicted, the conduct of the defendant immediately preceding the cutting, and all the circumstances which the evidence reveals to you as existing at the time of the offense. All of the circumstances are important; as an intelligent being he is supposed to understand what he is doing and what will be the natural consequences of his act."

The foregoing instructions were fully in accord with numerous decisions of this court, among them Commonwealth v. Drum, 58 Pa. 9; Commonwealth v. Buccieri, 153 Pa. 535; Commonwealth v. West, 204 Pa. 68; Commonwealth v. Reed, 234 Pa. 573. Appellant's contention is based mainly on the language of the court in Commonwealth v. Drum, supra, where, after quoting from an earlier case in which it was stated that "no time is too short for a wicked man to frame in his mind his scheme of murder and to contrive the means of accomplishing it," it was said (page 16) : "But this expression must be qualified, lest it mislead. It is true that such is the swiftness of human thought, that no time is so short in which a wicked man may not form a design to kill, and frame

the means of executing his purpose; yet this suddenness is opposed to premeditation, and a jury must be well convinced upon the evidence that there was time to deliberate and premeditate." The same argument was made by defendant in Commonwealth v. Buccieri, supra, where the language in Drum's Case was explained as applicable to the particular facts before the court and it was there held not to have changed the law as laid down in earlier decisions and also followed in the later cases cited above and which fully sustain the correctness of the charge now before us.

There is no merit in the contention that the evidence failed to sustain the verdict of first degree murder. On the contrary, defendant's own statement is sufficient for that purpose. Earlier in the evening on which the crime was committed there had been a quarrel between defendant and deceased at the home where he had rooms, she having at that time charged him with attentions to other women. Later, while several visitors were present in the parlor, deceased followed defendant into the dining room urging him to accompany her to a near-by block party. He declined to do so, giving as an excuse that he was not feeling well. As a result of his refusal a second dispute arose between them, during which he took from his coat pocket a razor and cut her twice on the throat and immediately left the house, going to the home of a friend some distance away where he was arrested early the following morning. The facts above set forth are uncontradicted and contain the elements necessary to sustain a verdict of first degree murder. They show the use of a deadly weapon on a vital part of the body, not only once but twice, the testimony being that either wound alone would have caused death. The fact that the razor had not been procured or placed by defendant in his pocket with a preconceived intent to use it on deceased is immaterial, inasmuch as the jury had ample evidence to support a finding that defendant formed an intent to kill as a result of the dispute with deceased and deliberately

proceeded to carry out the intent by aid of the weapon at the time in his possession.

The deliberation and premeditation required is not upon the intent but upon the killing. An intent distinctly formed, even for a moment before being carried into execution, is sufficient: Commonwealth v. Reed, supra.

The judgment and sentence of the court below are affirmed and the record is remitted for the purpose of execution.