J-S32026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALBERTO ROSA | : | |
| | : | |
| Appellant | : | No. 2801 EDA 2018 |

Appeal from the Judgment Entered May 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008597-2014

BEFORE: SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                                **FILED JULY 23, 2019**

Appellant Alberto Rosa appeals from the judgment of sentence following a jury trial and conviction for, among other charges, first-degree murder and possession of an instrument of crime.[1] Appellant challenges the weight and sufficiency of the evidence for his first-degree murder conviction. We affirm.

We quote the facts as set forth by the trial court at Appellant's second trial:[2]

> On January 4, 2014, at approximately 3:30 p.m., [Appellant] and his brother Fernando Rosa argued with La'Quan Green over money. The argument escalated into a physical altercation with Fernando on the ground and [Appellant] waving a gun at Green. Green attempted to flee and was chased by both Rosa brothers.

---

[1] 18 Pa.C.S. § 2502 and 907, respectively.

[2] At Appellant's first trial in 2016, as discussed below, the jury hung on the murder charge and the Commonwealth elected to retry Appellant.

[Appellant] caught up with Green and the confrontation continued. [Appellant] then fired several shots at Green, striking him twice in the head, and also in the arm and groin, killing him.

There were several witnesses to the altercation and subsequent murder. Ta'Neesha Perry, an eight year old family friend who was staying in the Rosa home on the day of the murder, testified that she saw [Appellant] shoot a man.[3] Another witness, Lord Berrios, then 13 years old, witnessed the incident from his bedroom window . . . .[4] [Appellant's] sister, Jennifer Rosa, was also an eye witness and told police in a video recording played at trial that her brother, [Appellant], shot and killed the victim following an argument over money.[5]

Dr. Khalil Wardak, an assistant medical examiner, testified to a reasonable degree of scientific certainty that the cause of [the victim's] death was multiple gunshot wounds and that the manner of his death was homicide. He testified that a bullet entered the victim's right cheek, traveled through his cranial cavity and exited his right temple, and would have . . . been nearly instantly fatal. Dr. Wardak also testified that a second bullet entered the back of the victim's head, and was found lodged in his cranial cavity. A third bullet entered from the left side of the victim's head, and exited from the groin region. Finally, Dr. Wardak stated that a fourth bullet entered and exited his right forearm.

Trial Ct. Op., 1/16/18, at 1-2 (citations omitted).

---

[3] At the second trial, Perry testified that during the incident, the victim said "no, no", and subsequently, Appellant pulled a gun out of shirt, raised his gun, pointed the gun at the victim's head, and shot the victim three times. N.T. Trial, 5/2/18, at 77-79; *see also* N.T. Trial, 5/4/18, at 23 (medical examiner testifying that a gun was touching victim's head when one shot was fired).

[4] Prior to Appellant's first trial, Berrios had signed a statement inculpating Appellant, but subsequently recanted that statement while being called during the Commonwealth's case-in-chief at Appellant's second trial. *See* N.T. Trial, 5/2/18, at 33-47. Appellant cross-examined Berrios.

[5] We add that Appellant called Ms. Rosa to testify at the second trial, and she essentially testified that the police coerced her video statement. *See* N.T. Trial, 5/9/18, at 54-55. The Commonwealth cross-examined her.

Appellant was arrested and charged with the above-stated offenses, as well as two firearm violations and robbery. At his first jury trial in 2016, Berrios testified as set forth above. The jury acquitted Appellant of robbery, found him guilty of the two firearm violations, and hung on the other charges. The Commonwealth retried him in 2018, at which time Berrios recanted his prior statement to the police. *See, e.g.*, N.T. Trial, 5/2/18, at 33-34.

On May 11, 2018, the jury found Appellant guilty of the above charges, and the trial court sentenced him that same day to a mandatory sentence of life imprisonment without parole for first-degree murder. On May 21, 2018, Appellant filed a timely post-sentence motion challenging, among other things, the sufficiency and weight of the evidence with respect to his first-degree murder conviction. The trial court denied the motion on September 14, 2018.

Appellant timely appealed on September 21, 2018. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

Appellant raises two claims, which we have ordered as follows:

[1.] Is the evidence insufficient as a matter of law to convict Appellant of murder in the first degree?

[2.] Is Appellant's conviction for first-degree murder against the weight of the evidence and should a new trial be ordered?

Appellant's Brief at 4.

In support of his first issue, Appellant argues that the evidence establishes that the victim was involved in a "significant and escalating physical confrontation" with Appellant's brother. *Id.* at 17. Appellant reasons that because he "did not have sufficient time for reflection in order to form the level of premeditation required," he should have been convicted of third-degree murder, at best. *Id.* In sum, Appellant contends, "there was insufficient opportunity to form appropriate premeditation."

In ***Commonwealth v. Cooper***, 941 A.2d 655 (Pa. 2007), the Pennsylvania Supreme Court explained the standard of review as follows:

> Our standard of review for sufficiency is clear. We must determine whether the evidence admitted at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, supports all of the elements of the offense beyond a reasonable doubt. In making this determination, we consider both direct and circumstantial evidence, cognizant that circumstantial evidence alone can be sufficient to prove every element of an offense. We may not substitute our own judgment for the jury's, as it is the fact finder's province to weigh the evidence, determine the credibility of witnesses, and believe all, part, or none of the evidence submitted.
>
> Evidence is sufficient to sustain a conviction of first-degree murder where the Commonwealth establishes that a human being was unlawfully killed, that the person accused did the killing, and that the accused acted with a specific intent to kill. An intentional killing is one that is willful, deliberate, and premeditated.

***Cooper***, 941 A.2d at 662 (citations omitted). With respect to premeditation, the Pennsylvania Supreme Court has held:

> [T]he law does not require a lengthy period of premeditation; indeed, the design to kill can be formulated in a fraction of a second. Whether the intention to kill and the killing, that is, the

premeditation and the fatal act, were within a brief space of time or a long space of time is immaterial if the killing was in fact intentional, willful, deliberate and premeditated.

*Commonwealth v. Clemons*, 200 A.3d 441, 463 (Pa. 2019) (quotation marks and citations omitted); *Commonwealth v. Dreher*, 118 A. 215, 216 (Pa. 1922) ("The deliberation and premeditation required is not upon the intent, but upon the killing. An intent distinctly formed, even for a moment before being carried into execution, is sufficient.").[6] Shooting a victim multiple times at close range, including one shot at the victim's head, establishes the specific intent to kill necessary for first-degree murder. *Commonwealth v. Bedford*, 50 A.3d 707, 712 (Pa. Super. 2012) (*en banc*).

Here, the evidence viewed in the light most favorable to the Commonwealth established Appellant's specific intent to kill. Appellant shot the victim three times in the head, with at least one shot occurring when Appellant's gun was touching the victim's head. *See* N.T. Trial, 5/2/18, at 77-79, N.T. Trial, 5/4/18, at 23. Such evidence is sufficient to establish the specific intent necessary to prove first-degree murder. *See Clemons*, 200 A.3d at 463; *Bedford*, 50 A.3d at 712. Moreover, Appellant chased the victim

---

[6] In *Dreher*, the defendant had quarreled with his fiancée earlier in the evening, who accused him of being unfaithful. *Dreher*, 118 A. at 216. Later that evening, the defendant's fiancée invited him to a block party, the defendant refused, and another quarrel ensued, during which the defendant removed a razor from his pocket and fatally sliced his fiancée's throat twice. *Id.* On appeal, the defendant argued that because "he was 'crazy in his mind,'" he lacked the requisite premeditation to form an intent to kill. *Id.*

down and the victim begged for his life before Appellant killed him. *See* N.T. Trial, 5/2/18, at 77-79. Therefore, we reject Appellant's argument that he lacked sufficient time to form the premeditation required for first-degree murder. *See Clemons*, 200 A.3d at 463.

Appellant next challenges the weight of the evidence. He argues that the witnesses' identification of him as the culprit were unreliable. Specifically, that the inculpatory testimony of Ms. Rosa, his sister, was "extremely unreliable" given her learning disability[7] and "partial recantation at trial." Appellant's Brief at 13. Appellant asserts that Perry's testimony was contradictory and inconsistent, and notes Perry was eight years old at the time of the murder. *Id.* Finally, Appellant contends that Berrios's recanted statement was unreliable given that Berrios "did not see the actual shooting because a tree obscured his vision." *Id.* at 14.

We set forth the following guidelines: "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (citation omitted). Additionally,

> [a] verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the

---

[7] We note that at Appellant's second trial, there was no testimony that Ms. Rosa had a learning disability. But at Appellant's first trial, Appellant's mother testified that Ms. Rosa has an undefined learning disability. N.T. Trial, 3/15/16, at 20-21.

factfinder. Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003) (citations, quotation marks, and emphasis omitted).

In *Commonwealth v. R. Brown*, 134 A.3d 1097 (Pa. Super. 2016), the defendant challenged a witness's statement, which identified the defendant as the shooter, as unreliable due to alleged police coercion of the witness. *Brown*, 134 A.3d at 1104. That witness recanted at trial and denied identifying defendant. *Id.* On that basis, the defendant challenged the weight of the evidence for his first-degree murder conviction. *Id.* The *Brown* Court rejected the defendant's weight claim, noting that the "Pennsylvania Supreme Court held that the prior inconsistent statements of witnesses who recanted at trial constituted sufficient evidence to support the defendant's murder conviction when the witnesses testified at trial and were subject to cross-examination before a factfinder that could reasonably credit the prior statements over the witnesses' in-court recantations." *Id.* (citing *Commonwealth v. D. Brown*, 52 A.3d 1139, 1168 (Pa. 2012)).

Instantly, it was for the jury to evaluate the reliability and veracity of the prior statements and testimony of Ms. Rosa and Berrios, as well as the

testimony of Perry. *See R. Brown*, 134 A.3d at 1104. We add that Appellant cross-examined Perry and Berrios and called Ms. Rosa in his defense and thus had a full opportunity to question them. The jury resolved the conflicts and credibility adverse to Appellant, and we cannot find that the trial court abused its discretion in denying Appellant's weight claim. *See Tharp*, 830 A.2d at 528. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/19